**James R. LOWIE, Jr., Plaintiff,**

v.

**RAYMARK INDUSTRIES, et al., Defendants.**

Civ. A. No. 286–236.

United States District Court, S.D. Georgia, Brunswick Division.

Oct. 21, 1987.

Roger B. Lane, Brunswick, Ga., for plaintiff.

Elaine W. Whitehurst, Atlanta, Ga., for Bendix Corp.

## ORDER

ALAIMO, Chief Judge.

Bendix Corporation ("Bendix") is one of numerous defendants in this asbestosis personal injury case. Bendix moves for summary judgment on the basis of lack of exposure.

The sole question in this case is whether a conclusory statement in the nonmovant's affidavit, which also conflicts with his prior deposition testimony, is sufficient evidence of exposure to withstand summary judgment. The Court finds that it is not; accordingly, summary judgment for Bendix is proper as a matter of law.

## FACTS

Plaintiff, James R. Lowie, Jr., brought this action against Bendix and other defendants based on allegations that, during the course and scope of his employment, he was exposed to defendants' asbestos, asbestos-related insulation materials and other asbestos-containing products. Lowie contends that such exposure directly and proximately caused him to develop asbestosis and other related diseases.

Although Bendix has manufactured asbestos-containing friction material brake linings to which Lowie could possibly have been exposed, there is no evidence that he has *in fact* been exposed to those linings.

In deposition, Lowie stated that he could "remember" the Bendix name, but admitted that he "couldn't swear to" ever using, transporting or being around Bendix prod-

ucts during his employment. Deposition of Lowie, pp. 140, 141–42.

In his affidavit submitted in opposition to this summary judgment motion, Lowie stated: "During my career as an automobile mechanic, I have used brake linings manufactured by Bendix, Raybestos–Manhattan and Ford." Affidavit of Lowie, p. 1 ¶ 3. Such an unsupported and factually bare averment is insufficient to create a material issue of fact.

## DISCUSSION

Exposure questions in the Eleventh Circuit are controlled by a trilogy of cases rendered in 1985: *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480 (11th Cir.1985); *Odum v. Celotex Corp.*, 764 F.2d 1486 (11th Cir.1985); and *Lee v. Celotex Corp.*, 764 F.2d 1489 (11th Cir. 1985). Each recognizes the fundamental proposition of Georgia law that evidence of exposure to a particular defendant's product is a predicate to recovery by asbestosis victims. While various methods of proof will be considered, a plaintiff must show contact with specific products at ascertained times. *Lee, supra.*

Despite the acknowledged difficulties in proving the causal connection between a particular asbestos-containing product and injuries, the federal courts are not free to develop broader realms of recovery for asbestos victims.

The procedural aspect of a motion for summary judgment is controlled by federal law which requires that the movant establish the absence of a genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142, 152 (1970). Summary judgment is also proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, ————————, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273 (1986). In other words, the moving party is not required to completely prove a negative; rather, the movant must make a plausible showing of the lack of evidence on a necessary element of the cause of action. The burden then shifts to the nonmoving party to establish, by facts commensurate with his burden of proof at trial, that a genuine issue exists.

Once the movant has made the required showing, the adverse party's response, "by affidavits or as otherwise provided ... must set forth *specific facts* showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). The Court must consider the pleadings, depositions and affidavits in the case in reaching its decision, Fed.R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the nonmovant. *Adickes*, 398 U.S. at 158–59, 90 S.Ct. at 1609, 26 L.Ed.2d at 155. However, an inference based on speculation and conjecture is not reasonable. *Blackston, supra* at 1482.

A nonmovant's self-serving affidavit which contradicts earlier testimony is generally insufficient to create a genuine issue for trial. *Clay v. Equifax, Inc.*, 762 F.2d 952, 955 n. 3 (11th Cir.1985); *Van T. Junkins & Assocs. v. U.S. Industries*, 736 F.2d 656, 657 (11th Cir.1984) (A party "cannot ... create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

Professor Kane accurately describes the situation as "an interesting problem." On one hand, the conflict between the party's deposition testimony and his affidavit creates a credibility issue, the resolution of which is normally a jury function. On the other hand:

insofar as the courts always have agreed that credibility issues prevent summary judgment only when there are facts suggesting why credibility is at issue, it seems consistent with this approach to require the nonmoving party to do more than simply interpose an ex parte conflicting statement with the threat that false-swearing may lead to perjury charges and to *present facts* why this later assertion should be taken seriously.

10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2726 (Supp.1987) (emphasis added).

■ This case is not fully a "sham affidavit" case; however, the Eleventh Circuit's most recent sham affidavit case provides guidance to the resolution of the instant case. In *Tippens v. Celotex Corp.*, 805 F.2d 949 (11th Cir.1986), *reh'g denied*, 815 F.2d 66 (1987), the Court of Appeals reversed a grant of summary judgment and remanded the case for a consideration of all of the evidence, including an allegedly contradictory affidavit which was disregarded by the trial court. The Court reiterated that, before a subsequent affidavit can be characterized as a sham and thus disregarded when considering summary judgment, the affidavit must contain statements which clearly contradict responses to earlier unambiguous questions. The contradictions must be explicit. The benefit given to a nonmovant in summary judgment, generally, is also given to the narrower issue of determining whether the affidavit, in fact, contradicts prior testimony. Unless, after resolving all doubts in favor of the affiant, the trial court can unequivocally state that the testimony is contradictory, the court must consider the new affidavit in reaching its decision on the motion for summary judgment. *See Tippens, supra* at 66 (the denial of rehearing opinion).

■ In the instant case, plaintiff's exposure to Bendix brake linings is at issue. Bendix admits that its linings contain asbestos, but shows through Lowie's responses to unambiguous questions that Lowie has no memory of incidents of exposure to those linings during his employment. Any evidence of exposure, if it exists, is peculiarly in Lowie's hands, and it is his responsibility to provide the evidence of exposure sufficient to withstand summary judgment. *See Catrett, Blackston* and *Lee, supra.*

While plaintiff's counsel contends that the averment, "I have used Bendix brake linings" and Lowie's deposition testimony are not contradictory, it appears to this Court that they are at least *inconsistent.* Plaintiff appears to contend that the following exchange, which took place during Lowie's deposition, is the equivalent of his later averment, and that it establishes the requisite exposure to defendant's products:

Q So you can't say of your own knowledge whether or not you ever used or ever transported or were around any Bendix Corporation boxes or parts while you were at the Gould Motor Company; can you?

A I couldn't swear to it. Seems like I remember it. But ain't no way I could swear to it.

Q You remember the Bendix name?

A Oh, sure.

Deposition of Lowie, pp. 141–42.

The deposition exchange establishes only that plaintiff remembers the Bendix name. He cannot recall working with Bendix products while employed, and elsewhere denies recalling the Bendix name in connection with working on his own cars. On the other hand, his affidavit clearly states that he used Bendix brake linings. The statements are inconsistent at best.

However, assuming that the statements are not contradictory in the *Tippens* sense, neither his deposition nor affidavit satisfies the evidence of exposure necessary to withstand summary judgment in this Circuit. Lowie's testimony is much less explicit than that described in *Lee, supra,* and his deposition is not saved by his subsequent affidavit which, even when considered truthful, is factually deficient.

## CONCLUSION

Because Bendix has established that there is no longer an issue regarding Lowie's exposure to its product, and because evidence of exposure is a necessary element of Lowie's case, Bendix's motion for summary judgment is hereby GRANTED. The Clerk of the Court is directed to enter an appropriate judgment of dismissal on behalf of Bendix Corporation and against plaintiff.