**Janice G. ROBERTS, temporary personal representative of the Estate of William R. Roberts, deceased, Plaintiff,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION et al.,
Defendants,**

v.

**MANVILLE CORPORATION ASBESTOS DISEASE COMPENSATION FUND, Third–Party Defendant.**

**No. K86–134CA9.**

United States District Court,
W.D. Michigan, S.D.

Dec. 1, 1989.

McCroskey, Feldman, Cochrane & Brock, P.C. by Thomas D. Geil, Battle Creek, Mich., Matthew Shafner, Groton, Conn., for plaintiff.

Butzel, Long, Gust, Klein & Van Zile by Khafer Orhan & Kenneth Adamczyk, James E. Wynne, Detroit, Mich., for Eagle–Picher Ind.

Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, Birmingham, Mich., for Raymark Industries, Inc.

Harvey, Kruse, Westen & Milan by Chuck Doekeloo, Grand Rapids, Mich., for Keene Corp.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff, Janice G. Roberts, brings this wrongful death action against the defendants[1] alleging that the decedent, her husband, William E. Roberts, died as a result of his exposure to asbestos products manufactured by the defendants. Presently before the Court are motions for summary judgment filed by defendants Keene Corporation (hereinafter "Keene"), Owens–Corning Fiberglas Corporation (hereinafter "Owens–Corning") and Eagle–Picher Industries, Inc. (hereinafter "Eagle–Picher").

## BACKGROUND

Plaintiff asserts that the decedent's only exposure to asbestos products occurred during his service in the United States Navy. He served in the Navy from October, 1955 to June, 1974. According to the plaintiff, the decedent's exposure occurred in the engine and auxiliary machine rooms of various naval vessels. Plaintiff claims that the decedent was stationed aboard the following ships at the following times:

| Dates | Ships | Built At/Build Dates | |
|-------|-------|------|------|
| 12/55–06/59 | T. Chandler | Kearney, N.J. | 1944–46 |
| 08/62–09/68 | Nautilus | Groton, Conn. | 1952–54 |
| 11/71–06/74 | Rayburn | Newport News, Va. | 1962–64 |
| 11/71–06/74 | Edison | Groton, Conn. | 1960–62 |

Decedent died before any of his testimony could be recorded.

## STANDARD OF REVIEW

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Sons,* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the non-moving party, a reasonable factfinder could return a verdict for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242,

249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91

**1.** Plaintiff initially brought suit against ten manufacturers of asbestos products. Three of the defendants, Owens–Illinois, Inc., Pittsburgh Corning Corporation and Fibreboard Corporation, have been dismissed from the action by stipulation of the parties. Defendant Owens–Corning Fiberglas Corporation has implied the Manville Corporation Asbestos Disease Compensation Fund as a third-party defendant.

L.Ed.2d 265 (1986). Once this has been done, the non-moving party must come forward with specific facts showing that there is a material issue of fact on an issue which the non-moving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

### ANALYSIS

■ The threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer. *Abel v. Eli Lilly & Co.*, 418 Mich. 311, 324, 343 N.W.2d 164, 170, *cert. denied*, 469 U.S. 833, 105 S.Ct. 123, 83 L.Ed.2d 65 (1984). The plaintiff must also establish the existence of proximate cause. Michigan follows the test of proximate causation stated in Section 431 of the Restatement (Second) of Torts. *Brisboy v. Fibreboard Corp.*, 429 Mich. 540, 548, 418 N.W.2d 650, 653 (1988). Under Section 431, a plaintiff cannot establish the requisite connection between his injury and a particular asbestos product manufacturer by merely showing that the asbestos manufacturer's product was present somewhere at his place of work. *Lohrman v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986) (applying Section 431 of the Restatement (Second) of Torts). To establish proximate cause under Section 431, a plaintiff must establish that the manufacturer's asbestos product was used at the specific site within the workplace where he worked. *Roehling v. National Gypsum Co. Gold Bond Bldg. Prod.*, 786 F.2d 1225, 1228 (4th Cir.1986).

Several courts have considered and rejected the argument which the plaintiff does not raise in this case that a rebuttable presumption of exposure should arise once a plaintiff has shown that a defendant's asbestos products were used at a job site at the same time that he was employed there.[2] *See, e.g., Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1483–85 (11th Cir.1985). Under Section 431 of the Restatement (Second) of Torts, conduct is a legal or proximate cause of harm to another if the conduct was a substantial factor in bringing about the harm. When the size of workplaces where asbestos was commonly used is considered, *e.g.*, shipyards, mere proof that the plaintiff and an asbestos product are in the workplace at the same time does not prove exposure to that product. *Lohrmann*, 782 F.2d at 1162 (applying test of substantial causation established by Section 431 of the Restatement (Second) of Torts). Thus, a presumption of exposure would be contrary to Michigan law of substantial causation and will not be adopted by the Court.

■ Therefore, the Court must determine whether a reasonable factfinder could legitimately infer from the materials before it that defendants' asbestos products were used in the engine or auxiliary machine rooms of the various naval vessels where the decedent served. The Court will discuss each defendant's motion for summary judgment separately.

### 1. *Keene Corporation*

Despite presenting a substantial amount of evidence which has been exhaustively reviewed by the Court, the plaintiff has failed to establish that products manufactured by Keene were present on any of the naval ships where the decedent was stationed. Thus, plaintiff has failed to meet the threshold requirement in a products

**2.** Some courts have held that a presumption of exposure exists in suits between manufacturers of asbestos products and their liability insurers. *See, e.g., Keene Corp. v. Insurance Co. of N. Am.*, 667 F.2d 1034, 1051–52 (D.C.Cir.1981), *cert. denied*, 455 U.S. 1007, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982); *Insurance Co. of N. Am. v. Forty-Eight Insulations, Inc.*, 451 F.Supp. 1230 (E.D. Mich.1978), *aff'd*, 633 F.2d 1212 (6th Cir.1980), *cert. denied*, 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981). Because insurers' liability is individual and proportionate, rather than joint and several like the manufacturers, some procedural device was necessary for allocating coverage between several insurers who may have insured a particular asbestos manufacturer at different times during an extended period of time. Thus, the *Forty-Eight* court adopted a presumption that exposure had occurred during the entire coverage period and allocated to insurers the burden of proving that no exposure to asbestos manufactured by its insured took place during certain years. 633 F.2d at 1224–25.

liability action of product identification. *Abel*, 418 Mich. at 324, 343 N.W.2d at 170. For this reason, the Court grants defendant Keene's motion for summary judgment.

### 2. *Owens–Corning Fiberglas Corporation*

The materials presented by the plaintiff to the Court could lead a reasonable factfinder to conclude that asbestos products manufactured by Owens–Corning were present on some, if not all, of the ships where the decedent served. As such, the plaintiff has met the threshold requirement of product identification.

Thus, the Court must determine whether a reasonable factfinder could legitimately infer from the materials before it that Owens–Corning's products were used in the engine or auxiliary machine rooms of the various naval vessels where the decedent worked. *Roehling*, 786 F.2d at 1228. None of the materials presented by the plaintiff specifically mention which products were present in the engine or auxiliary machine rooms of the various naval vessels. The products used in these rooms could have been manufactured by Owens–Corning, Eagle–Picher, both Owens–Corning and Eagle–Picher, or by a manufacturer that is either no longer or never was a defendant in this action. There is no basis from which to infer what combination of materials was present in the engine or auxiliary machine rooms because the plaintiff has not presented any evidence on this issue. It is insufficient under Section 431 of the Restatement (Second) of Torts for a plaintiff to establish proximate cause in an asbestos products liability action by merely showing that the asbestos manufacturer's product was present somewhere at his place of work. *Lohrman*, 782 F.2d at 1162–63. Therefore, the Court grants defendant Owens–Corning's motion for summary judgment.

### 3. *Eagle–Picher Industries, Inc.*

The Court's decision regarding Owens–Corning's motion for summary judgment is applicable to Eagle–Picher's summary judgment motion for the reason that the plaintiff has failed to establish that asbestos products manufactured by Eagle–Picher were present in the engine or auxiliary machine rooms of the various naval vessels where the decedent was stationed. Thus, the Court grants defendant Eagle–Picher's motion for summary judgment.

### CONCLUSION

For the reasons stated above, the Court grants the respective motions for summary judgment filed by defendants Keene Corporation, Owens–Corning Fiberglas Corporation and Eagle–Picher Industries, Inc.