BARLOW v JOHN CRANE-HOUDAILLE, INC

MICHALSKI v JOHN CRANE-HOUDAILLE, INC

EVANS v JOHN CRANE-HOUDAILLE, INC

Docket Nos. 119397, 119398, 119399. Submitted May 14, 1991, at Lansing. Decided September 16, 1991, at 9:10 A.M.

Robert D. Barlow, Anthony Michalski, Jr., and William E. and Grace M. Evans brought actions in the Ingham Circuit Court against John Crane-Houdaille, Inc., W.R. Grace & Co., and others, seeking damages for injuries sustained by Barlow, Michalski, and William Evans as a result of alleged exposure to products containing asbestos manufactured by the defendants. The court, Peter D. Houk, J., granted summary disposition for W.R. Grace with regard to the actions by Barlow and the Evanses, finding no genuine issue of material fact. The court also dismissed all three actions with regard to Crane-Houdaille because the plaintiffs failed to comply with the court's discovery order. The plaintiffs appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. To establish a factual question concerning whether Barlow and Evans were exposed to products containing asbestos manufactured by Grace, they must prove that they were exposed to a product containing asbestos for which Grace is responsible, and that Grace proximately caused their injuries. The plaintiffs cannot establish the requisite connection between their injuries and a particular manufacturer by showing only that the manufacturer's offending product was somewhere at their workplace. To survive summary disposition, the plaintiffs must show that

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 385-388; Motions, Rules, and Orders §§ 13, 14, 20; Products Liability §§ 164, 169; Summary Judgment §§ 23, 35, 36.

Products liability: inhalation of asbestos. 39 ALR4th 399.

"Concert of activity," "alternative liability," "enterprise liability," or similar theory as basis for imposing liability upon one or more manufacturers of defective uniform product, in absence of identification of manufacturer of precise unit or batch causing injury. 22 ALR4th 183.

the product was used in the specific area where they worked. Neither Barlow nor Evans was able to establish exposure to products containing asbestos manufactured by Grace.

2. The plaintiffs' failure to prepare and send a final settlement brochure to Crane-Houdaille by the date ordered by the court, or to seek an extension of the filing date, was wilful, and the defendant was prejudiced by the lateness of the brochures. The dismissal of the claim against Crane-Houdaille was not an abuse of discretion.

Affirmed.

1. PRODUCTS LIABILITY — ASBESTOS — WORKPLACE EXPOSURE.

A plaintiff alleging injury resulting from workplace exposure to a product containing asbestos must prove exposure to such a product for which the defendant is responsible and that the defendant proximately caused the injury; to survive a motion for summary disposition, the plaintiff must show that the product was used in the specific area where the plaintiff worked, not just that it was somewhere within the workplace.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — AFFIDAVITS.

A party may not create factual issues merely by asserting the contrary in an affidavit after giving damaging testimony in a deposition (MCR 2.116[C][10]).

3. PRETRIAL PROCEDURE — DISCOVERY — SANCTIONS — APPEAL.

A court may impose the sanction of dismissal where a party wilfully or intentionally fails to comply with a discovery order (MCR 2.313[B]).

*Henderson & Goldberg, P.C.* (by *Mark C. Meyer*), for Robert Barlow, Anthony Michalski, Jr., and William and Grace Evans.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert Powell* and *Linda S. McAlpine*), for W.R. Grace & Co.

*Highland & Currier, P.C.* (by *Duncan H. Brown*), for John Crane-Houdaille, Inc.

Before: MARILYN KELLY, P.J., and MACKENZIE and GRIBBS, JJ.

MARILYN KELLY, P.J. This consolidated appeal

involves three civil actions in which the plaintiffs seek damages for injuries sustained as a result of exposure to asbestos-containing products manufactured by the defendants.

Plaintiffs Robert Barlow and William Evans appeal as of right from a circuit court order granting summary disposition to defendant W.R. Grace based on no genuine issue of material fact. MCR 2.116(C)(10). Barlow, Evans, and Anthony Michalski appeal as of right from an order dismissing their actions against defendant Crane-Houdaille as a sanction for impeding discovery. MCR 2.313(B) (2). We affirm.

I

The plaintiffs were employed over a period of many years as steam fitters, shipfitters, sheet metal workers and pipe-fitters. They allege exposure to asbestos in the workplace either by direct contact with asbestos-containing products manufactured by defendants or through indirect contact on job sites when others used these products. The exposure, plaintiffs claim, seriously harmed their health.

When discovery was completed, Grace moved for summary disposition claiming that Barlow and Evans were unable to make a prima facie case of product identification, exposure and causation. The court agreed and dismissed the case. Crane-Houdaille moved for sanctions against Barlow, Michalski and Evans, because they had not filed final settlement brochures when required by the court. The circuit judge granted the motion, dismissing their claims against Crane-Houdaille.

II

On appeal, Barlow and Evans contend that their

claims against Grace must survive summary disposition, because they identified Grace as the manufacturer of asbestos-containing products present at their workplaces. This identification was made by the plaintiffs and witnesses who worked in the vicinity. Grace claims Barlow and Evans failed to carry their evidentiary burden, because they had no proof that Grace's asbestos products were used at plaintiffs' specific job sites within their workplaces.

A

The quantity of proof necessary to establish a factual question concerning whether plaintiffs were exposed to asbestos-containing products manufactured by defendant is a question of first impression in Michigan courts.

The threshold requirement of any asbestos case is proof that an injured plaintiff was exposed to an asbestos-containing product for which a defendant is responsible. *Blackston v Shook & Fletcher Insulation Co,* 764 F2d 1480, 1481 (CA 11, 1985). See also *Roberts v Owens-Corning Fiberglas Corp,* 726 F Supp 172, 174 (WD Mich, 1989); *Abel v Eli Lilly & Co,* 418 Mich 311, 324; 343 NW2d 164 (1984). The plaintiff must also show that the defendant proximately caused the injury. *Roberts,* 174.

In asbestos cases, one actor's negligence will not be considered a proximate cause of the harm, unless it was a substantial factor in producing it. Our Supreme Court has adopted the test of legal causation set forth in 2 Restatement Torts, 2d, § 431, p 428. *Brisboy v Fibreboard Corp,* 429 Mich 540, 547-548; 418 NW2d 650 (1988).

The federal courts have addressed the issue of a plaintiff's evidentiary burden. In *Roberts,* the

plaintiff's decedent had been exposed to asbestos-containing products in the engine and auxiliary machine rooms of various naval vessels. The court applied § 431 of the Restatement (Second) of Torts. It held that a plaintiff cannot establish the requisite connection between his injury and a particular manufacturer by showing only that the offending product was somewhere at his workplace. To survive summary disposition, the plaintiff must show that the product was used in the specific area where he worked within the workplace. *Roberts,* 174. The court reasoned:

> Several courts have considered and rejected the argument which the plaintiff does not raise in this case that a rebuttable presumption of exposure should arise once a plaintiff has shown that a defendant's asbestos products were used at a job site at the same time that he was employed there. Under Section 431 of the Restatement (Second) of Torts, conduct is a legal or proximate cause of harm to another if the conduct was a substantial factor in bringing about the harm. When the size of workplaces where asbestos was commonly used is considered, e.g., shipyards, mere proof that the plaintiff and an asbestos product are in the workplace at the same time does not prove exposure to that product. Thus a presumption of exposure would be contrary to Michigan law of substantial causation and will not be adopted by the Court.
>
> Therefore, the Court must determine whether a reasonable factfinder could legitimately infer from the materials before it that defendants' asbestos products were used in the engine or auxiliary machine rooms of the various naval vessels where the decedent served. [Citations omitted. *Roberts,* 174.]

Other federal courts have imposed a similar evidentiary burden. *Anjeski · v Keene Building & Development Co,* 727 F Supp 331, 331-332 (ED

Mich, 1989); *Lowie v Raymark Industries, Inc,* 676
F Supp 1214, 1216 (SD Ga, 1987); *Richards v
Raymark Industries, Inc,* 660 F Supp 599, 601 (ED
Pa, 1987); *Roehling v Nat'l Gypsum Co Gold Bond
Bldg Products,* 786 F2d 1225, 1228 (CA 4, 1986);
*Blackston,* 1483-1486; *Lee v Celotex Corp,* 764 F2d
1489 (CA 11, 1985).

Plaintiffs have suggested that we impose the less
strenuous burden adopted by the Washington
State Supreme Court. *Lockwood v AC & S, Inc,* 109
Wash 2d 235, 246-247; 744 P2d 605 (1987). That
court affirmed a trial court's denial of the defen-
dant's motions for directed verdict, judgment not-
withstanding the verdict and new trial. It reasoned
that the plaintiff had established proximate cause
through witnesses who identified the defendant as
the manufacturer of asbestos products present in
ships where the plaintiff worked. *Lockwood, id.*

Contrary to the plaintiffs' assertion, the *Roehl-
ing* case does not adopt this view. Rather *Roehling*
holds that a co-worker's testimony may be used to
establish product identification. *Roehling,* 1226-
1228.

The standard set forth in *Roberts* is generally
accepted. We believe it presents the better-rea-
soned view, and we adopt it.

**B**

With respect to the case involving Barlow, Grace
alleged in its motion that Barlow had not identi-
fied any exposure to asbestos-containing products
manufactured by Grace.

Faced with the inconsistencies between Barlow's
deposition testimony and his later affidavit, the
court granted Grace's motion relying on the hold-
ing in *Gamet v Jenks,* 38 Mich App 719; 197
NW2d 160 (1972).

In *Gamet,* we stated:

> As a result of his own deposition testimony, plaintiff's ability to present a case was challenged. His affidavit merely restated his pleadings. Deposition testimony damaging to a party's case will not always result in summary judgment. However, when a party makes statements of fact in a "clear, intelligent, unequivocal" manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence. The purpose of GCR 1963, 117 [now part of MCR 2.116] is to allow the trial judge to determine whether a factual issue exists. This purpose is not well served by allowing parties to create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition. As was stated in *Perma Research and Development Co v The Singer Co,* (CA 2, 1969), 410 F2d 572, 578:
> "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." [Citations omitted. *Gamet,* 726.]

See also *Peterfish v Frantz,* 168 Mich App 43, 54-55; 424 NW2d 25 (1988); *Stefan v White,* 76 Mich App 654, 660; 257 NW2d 206 (1977).

Barlow testified at deposition that the only Grace product to which he was exposed was a dry masonry filler called Zonolite. Grace provided the affidavit of its chemist, Dr. Julie Chi-Sun Yang. Dr. Yang stated that "expanded vermiculite aggregate products, including masonry fill" never contained commercial asbestos. Barlow then responded, through an affidavit, that he had been exposed to a spray-on product manufactured by Grace that contained asbestos. This was insuffi-

cient to raise an issue of fact. Barlow was bound by his deposition testimony. The court did not err in granting Grace's motion.

C

Evans was unable to recall, at his deposition, any exposure to products manufactured by Grace. Evans then submitted his own affidavit and those of Barlow, John R. Barnes, David E. Cook and Jack R. Marfio. Pursuant to court order, only Barlow and Marfio were eligible to testify at trial regarding the identification of Grace products. Neither man identified Evans as a co-worker. Thus their affidavits contain no information creating a factual issue. The trial court did not err in dismissing Evans' claim against Grace.

III

Next, plaintiffs Barlow, Evans and Michalski allege that the dismissal of their claims against Crane-Houdaille for failure to comply with the discovery order was inappropriate and unduly harsh. They argue that the court should have considered lesser sanctions.

The trial court is authorized to impose sanctions where a party fails to obey an order to provide or permit discovery. The court may impose such sanction as it deems just. MCR 2.313(B). The court's decision will not be overturned on appeal absent an abuse of discretion. *Johnson v Patmon, Young & Kirk, PC,* 119 Mich App 362, 368; 326 NW2d 511 (1982).

The sanction of dismissal is appropriate where the failure to provide discovery is in violation of a direct order of the court. It is a drastic step which should be taken cautiously. *MacArthur Patton*

*Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477-478; 270 NW2d 101 (1978). However, it may be warranted where a party wilfully or intentionally fails to comply with a discovery order. *Wood v DAIIE,* 99 Mich App 701, 706; 299 NW2d 370 (1980).

In this case, the court ordered plaintiffs to prepare and send a final settlement brochure to Crane by January 27, 1989. Crane then had until March 28, 1989, to depose witnesses whom plaintiffs listed on the brochure. At a scheduling conference on January 19, 1989, plaintiffs' attorney assured Crane that their final brochure would soon be available. There is no indication in the record that plaintiffs ever requested an extension. Barlow and Michalski filed their brochures on March 27, 1989. Evans filed on April 5.

The court granted Crane's motion to dismiss. It noted plaintiffs' failure to request an extension as well as counsel's lack of communication with the court on the matter, which it considered dilatory. The judge noted that defendant was prejudiced by the lateness of plaintiffs' brochures because of the scheduled mediation and deadline for summary disposition motions.

Our review of the record leads us to conclude that plaintiffs' failure to file their brochures timely or to seek an extension of the court-ordered filing date was wilful. The court did not abuse its discretion in dismissing the claims.

Affirmed.