*Wallace v. Lawrence*, No. 766-12-10 Wrcv (Teachout, J., May 15, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 766-12-10 Wrcv** |

**PATRICIA WALLACE, Individually and as
Administratrix of the Estate of Randall Wallace**
      **Plaintiff**

**v.**

**YOLANDA LAWRENCE, M.D., et al.**
      **Defendants**

### DECISION
**Defendant Green's Motion to Strike, filed February 25, 2014
Defendant Green's Motion for Summary Judgment, filed January 6, 2014**

Defendant Mark Green moves for summary judgment, and also moves to strike an affidavit of Plaintiff's expert, Dr. James Colombo, dated January 31, 2014 and filed as part of Ms. Wallace's opposition to Mr. Green's motion for summary judgment.

Oral argument on the motions was heard on April 16, 2014. Plaintiff is represented by Attorney Thomas C. Bixby. Defendant Mark Green is represented by Attorney Keith T. Aten. Attorney Ritchie E. Berger, attorney for Defendant Yolanda Lawrence, also attended.

After the oral argument, Attorney Aten submitted a written trial court decision offered in support of his argument. Attorney Bixby objected to the consideration of the supplemental filing. The undersigned has not read or considered the supplemental filing submitted by Attorney Aten.

This case arises out of the treatment of Patricia Wallace at Springfield Hospital. Mr. Green is a certified registered nurse anesthetist at the hospital. Ms. Wallace's claim is that Mr. Green negligently applied too high a dose of the sedative propofol and that in doing so proximately caused injuries. Mr. Green argues that the deposition testimony of Dr. Colombo does not support Ms. Wallace's theory of medical malpractice.

*Motion to Strike*

When deposed on October 18, 2013, Dr. Colombo testified that, despite his personal misgivings concerning Mr. Green's selected dosage of propofol, the dosage did not violate the standard of care. Counsel for Mr. Green subsequently asked Dr. Colombo

if he had any other criticisms of Mr. Green's conduct in treating Ms. Wallace and Dr. Colombo replied that he did not. Dr. Colombo was then given the opportunity to offer any additional opinions concerning Mr. Green's conduct and he declined.

Mr. Green thereafter moved for summary judgment on the basis of Dr. Colombo's deposition testimony. Ms. Wallace's opposition to the summary judgment motion was supported by, among other things, a post-deposition affidavit of Dr. Colombo dated January 31, 2014 that appears to contradict the testimony he gave when he was deposed. More specifically, Dr. Colombo's post-deposition affidavit states that his opinion is that Mr. Green breached the standard of care with regard to the treatment of Ms. Wallace and that as a result of this breach Ms. Wallace was harmed.

Mr. Green argues that Ms. Wallace, in seeking to oppose a summary judgment motion, cannot rely on an affidavit that contradicts her expert witness's earlier deposition testimony. This argument is based on the "sham affidavit doctrine," and most courts throughout the country have adopted a version of it. A leading civil procedure treatise provides this helpful explanation of the doctrine:

> It seems quite clearly correct to conclude that an interested witness who has given clear answers to unambiguous questions cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, without providing a satisfactory explanation of why the testimony is changed. If such an explanation is proffered, a credibility question is presented; without it, there are no facts suggesting why a credibility question exists and the nonmoving party should not be allowed to manufacture a question of fact to delay resolution of the suit.

10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2726; see also *Travelers Ins. Co. v. Demarle*, *Inc.*, 2005 VT 53, ¶ 9, 178 Vt. 570 (explaining that a party cannot oppose summary judgment by relying on assertions that are directly contradictory to earlier deposition testimony) and *Barlow v. John Crane-Hardaille,Inc.,* 191 Mich. App. 244, 250 (1991).

Ms. Wallace has not presented any explanation for the diametrically different opinions presented in Dr. Colombo's deposition testimony and his later affidavit. Plaintiff's counsel argues that at the deposition, Dr. Colombo was not asked the right question that would have elicited an explanation for why Dr. Colombo thought the dose was inappropriate, and further argues that the affidavit does not contradict the deposition testimony. However, the questions and answers throughout the deposition were clear. Counsel for Mr. Green questioned Dr. Colombo about multiple aspects of Ms. Wallace's treatment and when asked about the crucial issue of the dosage of sedative used, Dr. Colombo replied specifically that while critical of the selected dosage, Mr. Green's conduct did not violate the standard of care. Dr. Colombo was subsequently given an opportunity to state if he had any further criticisms or opinions regarding Mr. Green, and he replied that he did not have any.

2

Based on this record, Ms. Wallace cannot rely on Dr. Colombo's affidavit to oppose summary judgment. The broad statement from the affidavit concluding that Mr. Green breached the standard of care in treating Ms. Wallace is clearly contradicted by Dr. Colombo's earlier specific deposition testimony. Moreover, Ms. Wallace has failed to raise a contested issue of credibility as to whether Dr. Colombo was somehow confused or misled during his deposition. Accordingly, the court strikes Dr. Colombo's affidavit.

*Motion for Summary Judgment*

The burden is on a plaintiff bringing a medical malpractice claim to prove three elements:

(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances whether or not within the state of Vermont.

(2) That the defendant either lacked this degree of knowledge or skill or failed to exercise this degree of care; and

(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

12 V.S.A. § 1908. Except in cases where the alleged violation of the standard of care is so apparent that it can be readily evaluated by laypersons, a plaintiff must present expert testimony showing defendant's liability. *Larson v. Candlish*, 144 Vt. 499, 502 (1984).

The gravamen of Ms. Wallace's complaint is that Mr. Green applied too high a dose of propofol, causing her injuries. Ms. Wallace requires expert testimony to support this theory. Yet, Dr. Colombo testified that Mr. Green's actions did not breach the relevant standard of care. Without expert testimony supporting a breach of the standard of care, Ms. Wallace cannot satisfy her burden to show the second element required under 12 V.S.A. § 1908.

Ms. Wallace's attempted reliance on pre-deposition expert reports submitted by Dr. Colombo is also unavailing. These reports are unsworn statements and therefore are inadmissible as evidence. Because they are inadmissible, they cannot be used to withstand a summary judgment motion, especially when they differ from later sworn testimony. See V.R.C.P. 56(c) (stating that a party must present facts in a form that would admissible in evidence in order to withstand a summary judgment motion).

Summary judgment in favor of Mr. Green is appropriate because Ms. Wallace cannot sustain an essential element of her malpractice claim. Ms. Wallace bears the burden of showing that Mr. Green's conduct deviated from the standard of care. She has

failed to produce any admissible evidence to satisfy this burden. Therefore, Mr. Green's summary judgment motion is granted.

## ORDER

Defendant Green's Motion to Strike is *granted*.
Defendant Green's Motion for Summary Judgment is *granted.*

Dated this 12th day of May, 2014.

_____
Mary Miles Teachout
Superior Court Judge