**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

| | | |
|---|---|---|
| JAMES BLAIR, as Administrator of the Estate of WALTER H. GODFREY, JR., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N14C-03-079 ASB |
| CLEAVER-BROOKS, INC. et al., | ) ) | |
| Defendants. | ) ) | |

July 19, 2017

*Upon Defendant Cleaver-Brooks Inc.'s.*
*Motion for Summary Judgment*. **GRANTED**.

Plaintiff cannot satisfy the summary judgment criteria.[1] Plaintiff James Blair as the Administer of the Estate of Walter Godfrey, Jr. filed an action against Defendant Cleaver-Brooks claiming that the decedent was exposed to asbestos from Defendant's boilers. Decedent, Mr. Walter Godfrey, is the only product identification witness in this matter. Mr. Godfrey testified that he worked with Defendant's boilers while employed by Connecticut Boiler Repair from 1977 to

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

2013. He stated that he worked on Cleaver-Brooks boilers at West Hartford Housing Authority building. Mr. Godfrey believed that he was exposed to asbestos from Defendant's boilers through changing the performed, rolled, tadpole gasket. He testified that the replacement gaskets came from Cleaver-Brooks. He knew this because he stated that the name was on the package. Mr. Godfrey also testified that during his employment he worked on two Cleaver-Brooks boilers at General Electric. This was a onetime project, and he believed he was exposed to asbestos from removing refractory and baffle tile. He stated that the refractory was manufactured by another company, not Cleaver-Brooks. Mr. Godfrey also believed that he was exposed to asbestos from the insulation on the pipes connecting boilers. Mr. Godfrey did not know the manufacturer of the insulation, and did not know the maintenance history of the boilers. Additionally, Mr. Godfrey testified to working on Cleaver-Brooks boilers at Mohegan Sun Casino, removing two Cleaver-Brooks boilers from the University of Connecticut's Trecker Library, and working on two boilers at the General Dynamic facility. At the General Dynamic Facility he performed refractory work, which believed exposed him to asbestos. Similarly, he worked on two Cleaver-Brooks boilers in at Mystic Oral School.

Plaintiff put forth evidence demonstrating that Cleaver-Brooks sold boilers with asbestos containing products, and that Cleaver-Brooks sold asbestos

containing replacement parts; including tadpole gaskets. Defendant argues that Plaintiff cannot survive summary judgment for a few reasons. First, that Plaintiff fails to meet the requisite standard under Connecticut law. Defendant contends that at two of the locations Mr. Godfrey testified he worked at he could not "affirmatively state that he was exposed to asbestos." Additionally, that "[a]t the other three (3) locations – General Electric, Tracker Library, and General Dynamic, Decedent attributed his exposure to asbestos to products supplied by other manufacturers." Defendant states that there was only one location "where Decedent attributed asbestos exposure to Cleaver-Brooks – at the West Hartford Housing Authority building" from the pre-formed, rolled tadpole gasket. Defendant's second argument is that Plaintiff failed to proffer expert evidence specifically linking Mr. Godfrey's exposure to Cleaver-Brooks boilers. Defendant states that the expert report is generic and does not mention Defendant's product. Finally, Defendant acknowledges that under Connecticut law, a manufacturer is not liable for a product it did not manufacture or sell.

In Connecticut, a plaintiff's right to sue for damages allegedly caused by a defective product is governed by the Connecticut Product Liability Act (CPLA); it is the exclusive remedy for claims brought against product sellers for personal injuries caused by a defective product.[2] Under Connecticut law, a plaintiff in an

---

[2] *Lynn v. Haybuster Mfg., Inc.*, 627 A.2d 1288 (Conn. 1993).

asbestos products liability action must demonstrate that "a particular defendant's product was used at the job site and that the plaintiff was in proximity to that product at the time it was being used."[3] The plaintiff "must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product."[4] Accordingly, the plaintiff "must 1) identify an asbestos-containing product for which a defendant is responsible, 2) prove that he has suffered damages, and 3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages."[5]

In the present case, even if Plaintiff met this initial burden under Connecticut law, Plaintiff's expert report is insufficient to show causation. Plaintiff presented evidence that the decedent worked with Defendant's products, and Defendant's products contained asbestos component parts during the period in question. Mr. Godfrey stated that he removed Cleaver-Brooks boilers, and that he replaced Cleaver-Brooks tadpole gaskets. The replacement gaskets came from Cleaver-Brooks, and Plaintiff demonstrated that Cleaver-Brooks sold tadpole gaskets that contained asbestos. However, as Defendants cited to *Pinnavaria v. America Honda* and *Branum v. Babcock Power, Inc.,* Plaintiff's expert report is a generic

---

[3] *Cormier v. 3M Corp.*, 2005 WL 407641, at *2 (Conn. Super. Jan. 12, 2005) (quoting *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 368 n.5 (3d Cir. 1990)).

[4] *Id.* (quoting *Peerman v. Georgia-Pacific Corp.,* 35 F.2d 284, 287 (7th Cir. 1994)).

[5] *Id.* (quoting *Roberts v. Owens-Corning Fiberglass Corp.*, 726 F.Supp. 172, 174 (W.D.Mich. 1989)).

causation report that does not link Plaintiff's disease to a particular product. The Delaware Supreme Court has held that "to make a *prima facie* showing with respect to the cause of an asbestos-related disease, a plaintiff must introduce direct competent expert medical testimony that a defendant's asbestos product was a proximate cause of the plaintiff's injury."[6] Specifically, this "requires plaintiff's expert medical witness to state, in terms of reasonable medical probability, that there was a causal relationship between the defendant's product and the plaintiff's physical injury, i.e. that but for the plaintiff's exposure to the defendant's asbestos product, the plaintiff's injury would not have occurred."[7] Additionally, lack of "such expert medical testimony in an action which alleges that a plaintiff's asbestos-related disease was the result of exposure to a particular defendant's asbestos-containing product, the issue of proximate cause cannot be submitted to the jury."[8] The court noted that without this nexus, "a lay jury's finding that exposure to each defendant's asbestos product was the proximate cause of each

---

[6] *Money v. Manville Corp. Asbestos Disease Compensation Trust Fund*, 596 A,2d 1372, 1377 (Del. 1991). "The plaintiff's expert medical witness must be able to state in terms of reasonable medical probability 'that there was a causal relationship between *defendant's* product and the plaintiff's physical injury'." *Collins v. Ashland, Inc.*, 2011 WL 5042330, at *4 (Del. Super. Oct. 21, 2011).

[7] *Money*, 596 A.2d at 1377.

[8] *Id.* In *Money* the court found that "plaintiffs presented expert medical testimony that each of them is suffering from a disease which was caused by exposure to asbestos products. However, the plaintiffs did not introduce direct expert medical testimony into evidence which established a causal nexus between each defendant's asbestos product and each plaintiff's asbestos-related disease." *Id.*

plaintiff's asbestos-related disease would necessarily have been speculation."[9] Accordingly, based on the case law of this State, Plaintiff's expert report creates nothing more than a speculative nexus between Mr. Godfrey's injuries and Defendant's product.  Asbestos is mentioned three times in the report.  Once in a generic statement that "Mr. Godfrey was a 69-year old boiler machinist who was exposed to asbestos from 1963 until 1983," and again stating that "[e]xposure to asbestos is recognized as a substantial contributing cause of primary lung cancer." The third time asbestos is mentioned in the report is in the doctor's conclusion that in his "opinion, and to a reasonable degree of medical certainty, Mr. Godfrey's exposure to asbestos was a substantial contributing cause of his primary lung cancer."  Nothing in the report links Defendant's product to the Plaintiff's injuries, nor does the doctor determine how he came to this conclusion.  Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
_____
The Honorable Calvin L. Scott, Jr.

---

[9] *Id.*