**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

JILL DUDLEY, as Personal )
Representative of the Estate of Frank P. )
Dudley, and JILL DUDLEY, )
individually, )
         )
       Plaintiff, )     C.A. No. N13C-12-227 ASB
         )
        v. )
         )
FMC CORP., et al., )
         )
       Defendants. )

August 18, 2017

*Upon Defendant FMC's*
*Motion for Summary Judgment*
**GRANTED**.

Plaintiff, Jill Dudley, pleads that her husband Frank Dudley (hereinafter "Mr. Dudley") performed work on pumps from 1966 through 1967 while employed at Cam Chemical Company in Detroit, Michigan. Mr. Dudley testified that at least ten pumps were manufactured by Chicago Pump, and he would break down the pumps and repair the gaskets. Mr. Dudley stated that he worked on the pumps one to three times per week. He also testified that people worked on the pumps around him one to ten times per week. Defendant mainly argues that Plaintiff cannot prove product identification or causation under Michigan law. Under Michigan law "[t]he

threshold requirement of any asbestos case is proof that an injured plaintiff was exposed to an asbestos-containing product for which a defendant is responsible."[1] Thereafter, Michigan law applies the substantial factor test for causation, consistent with the Second Restatement of Torts, such that a plaintiff must introduce evidence that demonstrates his exposure to the defendant's product was a substantial factor in producing his injury, i.e., significant in terms of intensity and when viewed in the scope of his entire work history and the number and extent of other contributing factors.[2] "To survive summary disposition, the plaintiff must show that the product was used in the specific area where he worked within the workplace."[3] However, before the Court can even address the causation standard, Plaintiff has not offered evidence, beyond speculation, that Mr. Dudley worked with an asbestos containing product manufactured by Defendant. Mr. Dudley did not know the maintenance history of the pumps, nor identify the manufacturer of the replacement parts. Without additional evidence, a reasonable jury could not infer that Defendant is responsible

---

[1] *Barlow v. John Crane-Houdaille*, 477 N.W.2d 133, 135 (Mich. Ct. App. 1991).
[2] *Id.* (citing *Brisboy v. Fibreboard Corp.*, 418 N.W.2d 650, 653-54 (Mich. 1988)); *Allen v. Owens-Corning Fiberglas Corp.*, 571 N.W.2d 530, 533 (Mich. Ct. App. 1997).
[3] *Barlow*, 477 N.W.2d at 136 (citing *Roberts v. Owens-Corning Fiberglas Corp.*, 726 F.Supp. 172, 174 (W.D. Mich. 1989)); *see Roberts*, 726 F. Supp. at 174 ("Therefore, the Court must determine whether a reasonable factfinder could legitimately infer from the materials before it that defendants' asbestos products were used in the engine or auxiliary machine rooms of the various naval vessels where the decedent served.").

for Mr. Dudley's injuries.  Accordingly, for the aforementioned reasons, Defendant

FMC Corporation's Motion for Summary Judgment is hereby **GRANTED**.  **IT IS**

**SO ORDERED.**

/s/ Calvin L. Scott
_____
The Honorable Calvin L. Scott, Jr.