*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATALIE BANKS,

        Plaintiff/Counterdefendant-Appellee,

and

AMERICAN ANESTHESIA ASSOCIATES, LLC
and CENTRAL HOME HEALTH CARE
SERVICES,

        Intervening-Plaintiffs,

v

JOHN WILLIAMS, LB FINANCIAL SERVICES,
INC, doing business as SAFEWAY INSURANCE,
and J.M. WILSON CORPORATION,

        Defendants,

and

NATIONAL LIABILITY & FIRE INSURANCE
COMPANY,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
June 10, 2021

No. 349944
Wayne Circuit Court
LC No. 17-013346-NI

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

       Defendant, National Liability & Fire Insurance Company (National), appeals by leave granted[1] the trial court's order denying National's motion for summary disposition. On appeal,

---

[1] *Banks v Williams*, unpublished order of the Court of Appeals, entered September 23, 2019 (Docket No. 349944).

-1-

National argues the trial court erred in finding that there was a genuine issue of material fact as to whether plaintiff, Natalie Banks, was operating a business that qualified for her commercial automobile insurance policy, and denying summary disposition. We agree, and therefore reverse the trial court's order and remand for entry of an order granting National's motion for summary disposition.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises from a 2016 motor vehicle accident in which plaintiff was injured while a passenger in a vehicle being driven by defendant John Williams. At the time of the accident, plaintiff had a commercial automobile insurance policy with National, and she filed a claim for no-fault benefits from National. Although National denied plaintiff's claim, it was not because of the level of her injuries, or any other fact related to the accident itself. Instead, National determined that plaintiff had made material misrepresentations in applying for the subject policy, and thus denied the claim. The relevant material facts governing National's motion are therefore related to the obtaining of the insurance policy.

Before the accident plaintiff had applied for and obtained a commercial insurance policy with National that insured her vehicle, which she stated was used in the course of her nail and cosmetic business, Naelba Makeup. Part of the application signed by plaintiff stated that she recognized National was relying on the information she supplied, and any material misrepresentation would result in rescission of the policy:

> The Applicant agrees that the foregoing statements and answers are true and correct. The Applicant requests the Company to rely on its statements and answers in issuing any policy or subsequent renewal. The Applicant agrees if its statements and answers are materially false the Company may rescind any policy or subsequent renewal it may issue.

National denied plaintiff's claims for no-fault benefits, and determined that the policy should be rescinded because plaintiff made a material misrepresentation or engaged in fraud when she indicated that the car was used for commercial purposes.

Much of the focus during discovery was on this issue. In response to National's interrogatories regarding lost wage claims, plaintiff only identified her employment as an office assistant (through a staffing agency), and denied being self-employed. In her first deposition, plaintiff testified that she "was employed as a temp with Snelling[,]" and had been working in an administrative assistant position at Wayne Community College for about five years. When asked about her business, plaintiff testified that although she used the car to pick up items for the business, she did not keep any records of business income "because it wasn't income really; sometimes I just did it just for, you know." In a second deposition, plaintiff restated that she did not keep any business records, file tax returns, hire employees, or take tax deductions because she "didn't make enough to report" since her business primarily included "[c]lose family and friends," and she was "[n]ot really charging anything" except "[g]as money, like $10 or $5 here." Nor was Naelba Makeup ever established as a licensed or recognized business with the state. Plaintiff

denied using her vehicle for her business, indicating that she used her vehicle to get to and from work and school, with only periodic trips to buy products for her business.[2]

National counterclaimed for rescission of the policy, alleging that plaintiff represented in her application for commercial automobile insurance that she operated Naelba Makeup as her primary business for hire and profit, and used her vehicle in the operation of her business. National relied on plaintiff's representations when providing a commercial insurance policy to plaintiff. In reality, National argued, plaintiff's business was nonexistent, and had National known the true nature of plaintiff's business, it would not have issued the policy. Plaintiff denied making any misrepresentation to National.

National eventually moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to rescind the policy because plaintiff made material misrepresentations in her application for insurance. National argued that the evidence established that plaintiff only used her vehicle to commute to her actual and primary job as an administrative assistant, and plaintiff claimed that the vehicle was used in the course of her nonexistent business to obtain a cheaper policy. National also contended that plaintiff could not create factual questions by contradicting her earlier statements made under oath. In response, plaintiff argued that her application did not contain misrepresentations because she did operate a business, and used her vehicle to get supplies for that business. Plaintiff contended that National was responsible for any misrepresentations contained in the application because National's insurance agent, defendant LB Financial Services Inc., doing business as Safeway Insurance (Safeway), filled out the application, not plaintiff.

The trial court granted partial summary disposition as to the vicarious liability claim, stating there was no evidence, as a matter of law, that "there was an employee/employer relationship[,] or that [National] had some control or exercised some control over Safeway employee[s] or policies." The trial court denied summary disposition to National, stating in part:

> It doesn't appear, based on [plaintiff's] testimony, that she had any established business in the normal sense. However, we do have her deposition testimony indicating that she was operating a makeup business. So for purposes of a motion filed under [MCR 2.116](C)(10), there has to be a genuine issue of material fact. The evidence has to be viewed in a light most favorable to the plaintiff. And in viewing this evidence in a light most favorable to the plaintiff, the Court finds there is a genuine issue of material fact as to whether or not plaintiff was operating a business that would qualify her for this commercial policy. So for those reasons, the Court is going to deny [National's] motion for summary disposition.

II. ANALYSIS

---

[2] Moreover, when asked about the commercial policy for her vehicle, plaintiff responded, "Actually, it was the cheaper policy through the insurance company which I went, so I just used that as a cheaper policy to bring down the price." However, at a subsequent deposition, plaintiff denied selecting the commercial policy because it was cheaper, and instead relied on the recommendation of Safeway (the agent) to obtain the policy for her vehicle.

National asserts that the trial court erred in denying its motion for summary disposition and rescission, and erred in its finding that there was a genuine issue of material fact as to whether plaintiff was operating a business that qualified for a commercial automobile insurance policy.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 617; 873 NW2d 783 (2015). When deciding a motion for summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Likewise, this Court "reviews de novo questions of statutory interpretation and the proper interpretation of a contract." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018).[3]

Generally, the no-fault act, MCL 500.3101 *et seq.*, permits an insurer to rescind a policy on the basis of fraud. *Bazzi*, 502 Mich at 401. As a result, "an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445; 889 NW2d 759 (2016). "This is because the policy would not have been issued had the material misrepresentation not been made." *Meemic Ins Co v Fortson*, 324 Mich App 467, 476 n 1; 922 NW2d 154 (2018), aff'd but criticized 506 Mich 287 (2020). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *21st Century*, 315 Mich App at 446 (quotation marks and citation omitted).

"Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Bazzi*, 502 Mich at 409. "To the extent a claim for rescission is equitable in nature, it is not strictly a matter of right but is granted only in the sound discretion of the court." *Meemic Ins Co v Fortson*, 506 Mich 287, 310 n 19; 954 NW2d 115 (2020) (quotation marks and citation omitted). As a result, before granting rescission, the trial court must "balance the equities" to determine whether the party seeking rescission is entitled to the relief requested. *Id.*, citing *Bazzi*, 502 Mich at 410-411. "Accordingly, courts are not required to grant rescission in all cases. For example, rescission should not be granted in cases where the result thus obtained would be unjust or inequitable, or where the circumstances of the challenged transaction make rescission infeasible." *Bazzi*, 502 Mich at 410 (quotation marks and citations omitted).

---

[3] In her brief on appeal, plaintiff relies in part on an outdated and overruled summary disposition standard. No longer must a court deny a motion for summary disposition under MCR 2.116(C)(10) unless it is "impossible" for the nonmoving party to support its claim at trial. *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999); *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004).

-4-

The trial court erred in denying National's motion for summary disposition by finding that there was a genuine issue of material fact as to whether plaintiff was operating a business that qualified for a commercial automobile insurance policy. As explained below, the material facts show that plaintiff made misrepresentations that National relied upon in issuing the commercial insurance policy. National is therefore entitled to summary disposition.

It is undisputed that plaintiff described in the application for insurance that her business was for "makeup and cosmetic," that she would "use [the] vehicle to run errands and pickup supplies," and that it was her primary business "for hire/for profit." However, plaintiff's sworn testimony was that the business was not the primary use of the vehicle. Indeed, it was at best an incidental use of the vehicle, as plaintiff testified in her deposition that she did not use the vehicle for her business:

Q: What is Naelba?

A: Naelba is just a business name that I was doing under makeup.

Q: And what were you doing?

A: Lashes, you know, foundation, just typical, eyebrows.

Q: So was this a service you were providing to individuals?

A: Yes.

* * *

Q: Did you keep records of any kind as to the income you were receiving as a result of those services?

A: No, because it wasn't income really; sometimes I just did it for just, you know.

Q: And it was a d/b/a rather than—you never incorporated or created any kind of partnership or anything of that nature, correct?

A: That's correct.

Q: And when you insured the Kia, you did that by your makeup business, correct?

A: Yes, correct.

Q: And that was for the—you obtained a commercial policy for your Kia?

A: Yes.

Q: And what was the purpose of obtaining a commercial policy for your Kia?

A: Actually, it was the cheaper policy through the insurance company which I went, so I just used that as a cheaper policy to bring down the price.

Q:  Did you actually use the Kia for purposes of your business?

A:  No.

In her second deposition, plaintiff confirmed that she would only provide makeup services for "close family and friends," and would only charge, if anything, for "gas money," "$10 or $5," on occasion.

As National argues, plaintiff did not utilize the insured vehicle for the purpose of operating a business for profit; instead, plaintiff made this representation to obtain a reduced-premium policy. Plaintiff's deposition testimony, in conjunction with her answers to interrogatories, establishes that there was no genuine issue of material fact on that issue. In addition to her deposition testimony that she did not use the vehicle for the business, plaintiff also testified that she predominantly used her vehicle to travel to and from her place of employment at Wayne Community College and to attend school at Wayne State University, with only periodic trips to the store to get products and supplies for her business. Moreover, plaintiff stated in her interrogatory answers that she was not self-employed.[4]

Taken together, there is no evidentiary dispute that, while plaintiff does provide nail and cosmetic services on occasion, she was not, through this business, engaging in a commercial enterprise for profit. When asked about basic business operations, plaintiff admitted that she does not (1) keep any income or expense records related to her business, (2) take any tax deductions related to her business, (3) file business tax returns, (4) have business-specific insurance, or (5) have employees. Moreover, plaintiff estimated that she has only between one and four customers per week, which consists only of close friends and family, and whom plaintiff admitted she is "not really charging anything" outside of "gas money, like $10 or $5 here." Quite simply, there was no genuine issue of material fact that plaintiff was not utilizing the insured vehicle for a commercial purpose. This is not to say that a nonlicensed or registered business could not fall within the terms of the insurance policy, for one that is actually "for hire" and "for profit," and which is one's "primary business," could do so. All we are concluding is that although plaintiff attested to these circumstances in the application, the evidence described above shows that it was indisputably not true.[5]

---

[4] Plaintiff asserted under oath that her responses on the application for the insurance, her earlier deposition testimony, and her answers to interrogatories were all truthful.

[5] Further, National correctly argues that plaintiff's contradictory statements from her second deposition or supplemental response to the interrogatories should not have been used to find that a genuine issue of material fact existed. "It is well settled that a party may not create an issue of material fact merely by contradicting his or her own deposition testimony." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 714; 737 NW2d 179 (2007). "[W]hen a party makes statements of fact in a clear, intelligent, unequivocal manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence." *Barlow v John Crane-Houdaille, Inc*, 191 Mich App 244, 250; 477 NW2d 133 (1991) (quotation marks and citation omitted). Because plaintiff's initial

Although plaintiff suggests that any misrepresentation in her application for insurance was innocent or not to her knowledge because the insurance agent completed the application, that does not refute National's right to rescind since it relied on the misrepresentation in issuing the policy. *21st Century*, 315 Mich App at 446; see *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 130; 713 NW2d 801 (2005) (finding a contracting party has a duty to examine a contract and know what the party has signed). Because plaintiff's insurance policy was "facilitated by an independent insurance agent or broker," i.e., Safeway, "the independent insurance agent or broker [was] considered an agent of the insured rather than an agent of the insurer." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 180; 858 NW2d 765 (2014) (quotation marks and citation omitted). As a result, plaintiff's suggestion that any misrepresentation was National's fault as the insurance agent's principal is without merit. Therefore, a rational trier of fact could determine that no genuine issue of material fact existed as to whether plaintiff truly operated a business to qualify for a commercial automobile insurance policy, and therefore, summary disposition should have been granted. Because the nature and extent of plaintiff's business was misrepresented in the application for commercial insurance—likely made to obtain a reduced-premium policy—the trial court further erred in denying National's request to rescind the policy.

Reversed and remanded for entry of an order granting National's motion for summary disposition. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens

---

testimony and answers were clear and unequivocal, plaintiff could not create an issue of material fact by subsequently contradicting her previous statements. *Kennedy*, 274 Mich App at 714.