## DAVIS v LINK, INC

Docket No. 129016. Submitted March 11, 1992, at Grand Rapids. Decided April 22, 1992; approved for publication July 10, 1992, at 9:10 A.M. Leave to appeal sought.

Lener Davis brought an action in the Berrien Circuit Court against Link, Inc., and Capitol Engineering Company, seeking damages for an injury she sustained while operating a press at Whirlpool Corporation that contaniened a die manufactured by Link and designed by Capitol. At the time of the injury, the press was being operated with no safety guards. The plaintiff alleged defective design and manufacture of the die. The court, Casper O. Grathwohl, J., directed a verdict in favor of the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in directing a verdict for the defendants. The plaintiff failed to present evidence of the defendants' knowledge of unsafe use of the die or evidence that unsafe use was foreseeable.

2. Because the regulations of the Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*, apply to employers and employees only, the defendants were not subject to the MIOSHA, and its standards were not relevant to their alleged breach of duty.

3. The trial court did not abuse its discretion in refusing to qualify the plaintiff's proffered witness as an expert or to admit that witness' testimony. Although the witness was educated as a mechanical engineer, he did not have the necessary experience and training to qualify as an expert in metal forming systems or as a tool builder.

Affirmed.

PRODUCTS LIABILITY — DIES — DESIGNERS AND MANUFACTURERS.

A designer or manufacturer of a die may not be held liable to an injured press operator for defective design or manufacture where the designer or manufacturer did not have knowledge of unsafe use or the use was not foreseeable.

---

REFERENCES

Am Jur 2d, Products Liability §§ 375-380.

See the Index to Annotations under Products Liability.

*Gary C. Newton,* for Lener Davis.

*Lilly, Domeny & Byrne* (by *Paul Z. Domeny* and *James R. Shinar*), for Link, Inc.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for Capitol Engineering Company.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiff Lener Davis appeals as of right from the trial court's order granting defendants' motions for a directed verdict in this defective design and manufacture case. We affirm.

Plaintiff was a punch press operator at Whirlpool Corporation. On January 19, 1987, plaintiff caught her hand in the pinch point between the gib of a press frame and the ram of the press as the ram was on its up stroke and suffered serious injuries to her fingers. Plaintiff filed suit against defendant Link, Inc., the manufacturer of the die used in the press, and defendant Capitol Engineering Company, the designer of the die, alleging failure to design and manufacture sufficient guarding of pinch points.

I

Plaintiff first argues that the trial court utilized an improper standard when ruling on defendants' motions for a directed verdict. We disagree. Whirlpool contracted with defendants to design and manufacture a component part according to Whirlpool's specifications. The component part, a die, was installed by Whirlpool into a press used to manufacture lids for washing machines. There is no allegation that the die itself was defectively designed or manufactured. See *Antcliff v State*

*Employees Credit Union,* 95 Mich App 224, 232-233; 290 NW2d 420 (1980).

The supplier of a die set to a component manufacturer does not have a duty to place guards on the die set or warn the component manufacturer of hazards attendant in its use. *Fredericks v General Motors Corp,* 411 Mich 712, 720; 311 NW2d 725 (1981). At the time of plaintiff's injury, 1967 PA 282 required that each employer establish and maintain conditions of work that were reasonably safe and healthful for employees. *Fredericks, supra* at 720. Pursuant to MCL 408.1016; MSA 17.50(16) and MCL 408.1021; MSA 17.50(21), the Michigan Department of Labor has authority to promulgate standards of safety for the workplace. 1979 AC, R 408.12411 provides in part:

> The employer shall insure, by adequate supervision, that correct operating procedures are being followed and that all required safeguards are installed, are functional, and are being used.

In light of this statutory duty imposed on Whirlpool, the relevant inquiry is whether there was evidence presented of the manufacturer's knowledge of unsafe use or that unsafe use is foreseeable. *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706, 712-713; 459 NW2d 30 (1990). The trial court utilized such a standard in ruling on defendants' motions for a directed verdict. Plaintiff failed to present evidence of the manufacturer's knowledge of unsafe use, and no evidence was presented that unsafe use was foreseeable. To the contrary, the evidence revealed that the die had been successfully used in the press for four or five years without incident before plaintiff's injury. Donald Reitz, a Whirlpool employee whose job it was to set the die in the press, testified that there

was no obvious pinch point in the press and that he never recognized a hazard before plaintiff's injury. Viewing the evidence of foreseeability in a light most favorable to plaintiff, the evidence was insufficient to establish a prima facie case, and the motion for a directed verdict was properly granted. *Reisman v Regents of Wayne State University,* 188 Mich App 526, 538; 470 NW2d 678 (1991).

II

Next, plaintiff argues that defendants "assumed a duty" to comply with the regulations of the Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.,* when they considered MIOSHA regulations in designing dies. Plaintiff further argues that admission of the standards was necessary to establish defendants' breach of duty. We disagree. MIOSHA regulations are applicable to employers and employees only. *Zalut v Andersen & Associates, Inc,* 186 Mich App 229, 235; 463 NW2d 236 (1990).

III

Lastly, plaintiff argues that the trial court improperly excluded the testimony of plaintiff's expert witness, Adolf Wolf. There are three prerequisites to the admission of expert testimony: (1) the witness must be an expert, (2) there must be facts in evidence that require or are subject to examination and analysis by a competent expert, and (3) there must be knowledge in a particular area that belongs more to an expert than the common man. *King v Taylor Chrysler-Plymouth, Inc,* 184 Mich App 204, 215; 457 NW2d 42 (1990); *People v Beckley,* 161 Mich App 120, 125; 409 NW2d 759 (1987), aff'd 434 Mich 691; 456 NW2d 391 (1990). The

party that proffers the expert bears the burden of persuading the trial court that the expert has specialized knowledge that will aid the factfinder in understanding the evidence or determining a fact in issue. *People v Smith,* 425 Mich 98, 112; 387 NW2d 814 (1986). A witness may be qualified as an expert by knowledge, skill, experience, training, or education. MRE 702; *Mulholland v DEC Int'l Corp,* 432 Mich 395, 403; 443 NW2d 340 (1989).

The qualification of a witness as an expert and the admissibility of the expert's testimony are in the trial court's discretion and will not be reversed on appeal absent an abuse of that discretion. *Mulholland, supra* at 402.

In this case, the issue involved the design and manufacture of a die. Plaintiff's proffered expert, Adolf Wolf, is a mechanical engineer. Though Wolf did take a class in machine design during his undergraduate studies in the 1960s, he has never designed a die. Wolf has never worked for a tool and die designer, has never attended a tool and die design school, has never served as an apprentice for a tool builder or tool designer, and has never worked as a journeyman, tool builder, or tool designer. In fact, Wolf stated:

> I'm not a tool and die maker, no, sir. In fact, in this case I never even looked at the die itself because from the parts that were produced it appears there was nothing wrong with the die that was manufactured to perform the part or manufacture the part. I never even looked at that.

A review of the extensive voir dire of Wolf's qualifications reveals that the trial court did not abuse its discretion in sustaining defendants' objection to Wolf's qualifications and in excluding his

proffered expert testimony. Although Wolf was educated as a mechanical engineer, he does not have the necessary experience and training to qualify him as an expert in metal forming systems or as a tool builder.

Affirmed.