KENNEDY v GREAT ATLANTIC & PACIFIC TEA COMPANY

Docket No. 272453. Submitted March 13, 2007, at Detroit. Decided March 20, 2007, at 9:10 a.m.

William Kennedy brought a premises-liability action in the Wayne Circuit Court against Great Atlantic & Pacific Tea Company and Borman's, Inc., after he slipped on produce on the floor of the defendants' grocery store and injured himself. The court, Prentis Edwards, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court properly determined as a matter of law that the hazard posed by the crushed grapes or grape residue on the floor was an open and obvious danger. Generally, a possessor of land is not required to protect an invitee from an open and obvious danger unless it is effectively unavoidable or unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm. Whether a danger is open and obvious is determined by whether a reasonable person in the plaintiff's position would have been able to discover upon casual inspection the danger and the risk presented. In this case, there is nothing unusual about spilled grapes or grape residue on a supermarket floor. Moreover, the plaintiff's deposition testimony belies his contention that the grapes were not open and obvious. The testimony establishes that he would have noticed the potentially hazardous condition had he been paying attention.

2. Mere distractions in the form of advertising and merchandise displays in a store are not sufficient to prevent application of the open and obvious danger doctrine absent something unusual about the distractions. There was nothing unusual about the plaintiff's purported distraction and there was no evidence that the defendants knew or should have known that the plaintiff would be sufficiently distracted by the displays and merchandise that he diverted his attention from the otherwise open and obvious slipping hazard.

3. Even accepting for the sake of argument the plaintiff's allegations that the defendants violated applicable codes, given the evidence in this case, reasonable minds could not conclude that the

slipping hazard was unreasonably dangerous. Thus, the plaintiff's reliance on alleged code violations is unavailing.

4. The plaintiff may not rely on the provisions of the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*, and regulations promulgated under it concerning safe workplaces to escape application of the open and obvious danger doctrine. If a negligence action is premised on the violation of a statute rather than common-law principles of premises liability, the open and obvious danger doctrine does not apply. MIOSHA and the MIOSHA regulations, however, apply only to the relationship between employers and employees and do not create duties that run in favor of third parties.

Affirmed.

1. NEGLIGENCE — PREMISES LIABILITY — SUPERMARKETS.

The reasoning of *Jaworski v Great Scott Supermarkets, Inc,* 403 Mich 689 (1978), which held that a plaintiff is not contributorily negligent for failing to observe spilled food on a supermarket floor while distracted by merchandise displays, is no longer relevant under the doctrine of comparative negligence adopted in Michigan after *Jaworski.*

2. NEGLIGENCE — PREMISES LIABILITY — DUTIES — MICHIGAN OCCUPATIONAL SAFETY AND HEALTH ACT.

The Michigan Occupational Safety and Health Act and the regulations promulgated under it apply only to the relationships between employers and employees and do not create duties that run in favor of third parties in the negligence context (MCL 408.1001 *et seq.*).

*Law Offices of Edward C. Pedersen, PLLC* (by *Edward C. Pedersen*), for the plaintiff.

*Sullivan, Ward, Asher & Patton, P.C.* (by *Lee C. Patton* and *Matthew I. Henzi*), for the defendants.

Before: JANSEN, P.J., and NEFF and HOEKSTRA, JJ.

PER CURIAM. In this premises-liability action, plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants. We affirm.

While plaintiff was shopping, he slipped on crushed green grapes or green grape residue on the floor of defendants' grocery store. Plaintiff began to fall, reached for his shopping cart, and sustained injuries. The trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10), ruling that the slipping hazard posed by the crushed grapes or grape residue was open and obvious as a matter of law.

We review de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The pleadings, affidavits, depositions, admissions, and other admissible documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001). Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

In a premises liability action, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. *Jones v Enertel, Inc*, 254 Mich App 432, 436-437; 656 NW2d 870 (2002). Generally, a premises possessor owes a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, the possessor of land is not an absolute insurer of an

invitee's safety. *Id.* at 517. A premises possessor is generally not required to protect an invitee from open and obvious dangers. *Id.*; *Bertrand v Alan Ford, Inc*, 449 Mich 606, 612-613; 537 NW2d 185 (1995).

The test to determine if a danger is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection[.]" *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Because the test is objective, this Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger. *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002).

Turning to the case at bar, plaintiff first argues that the slipping hazard posed by the crushed grapes or grape residue on defendants' floor was not open and obvious. We cannot agree. Plaintiff asserts that the crushed grape residue was green and brown in color and that the slipping hazard was therefore inconspicuous against the backdrop of the beige supermarket floor. He further asserts that the grape residue "was a film," "was at floor level," and "did not stick up above the floor." However, plaintiff also testified during his deposition that the crushed grapes were readily observable after he slipped and that he and several other people all noticed the existence of the crushed grapes and grape residue once they actually looked at the floor. Specifically, plaintiff testified that after he slipped, "I could see the grapes. And when the manager was there, you [sic] could see the grapes. The stock boy could see the grapes. The customers that had come around, they could see the grapes. It was no great mystery. There were grapes

on the floor." Plaintiff also testified that nothing blocked his view of the supermarket floor immediately before his accident.

Plaintiff's contention that the crushed grapes and grape residue were not open and obvious is thus belied by his own deposition testimony. It is well settled that a party may not create an issue of material fact merely by contradicting his or her own deposition testimony. *Klein v Kik*, 264 Mich App 682, 688; 692 NW2d 854 (2005); *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480-481; 633 NW2d 440 (2001). Plaintiff's own deposition testimony establishes that he would have noticed the potentially hazardous condition had he been paying attention. See *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 497; 595 NW2d 152 (1999). Plaintiff failed to raise a genuine issue of fact concerning whether the grape residue on which he slipped was open and obvious. The trial court properly determined as a matter of law that the hazard posed by the crushed grapes or grape residue was an open and obvious danger.

Plaintiff also argues that the slipping hazard posed by the crushed grapes or grape residue was not readily apparent to him and that he could not have been expected to notice or observe the hazard. We disagree. Citing *Jaworski v Great Scott Supermarkets, Inc*, 403 Mich 689; 272 NW2d 518 (1978), plaintiff contends that a reasonably prudent shopper in a grocery store is neither required nor expected to observe all potentially dangerous conditions on the supermarket floor or in a supermarket aisle. In *Jaworski*, the plaintiff slipped on cottage cheese that was spilled on the defendant supermarket's floor. *Id.* at 695. Because of the light coloration of the supermarket floor, the cottage cheese was "relatively inconspicuous." *Id.* at 698. Our Supreme Court

observed that "[w]hile ordinary prudence generally requires one to see that which is to be seen," "[w]e cannot accept the notion that a customer in a modern supermarket or department store should be under an obligation to see every defect or danger in his pathway." *Id.* at 699. The *Jaworski* Court also recognized that " '[t]he displays of merchandise in modern stores are so arranged and are intended to catch the customer's attention and divert him from watching the floor' " and that " '[t]he public does not expect to shop at its own risk and it is unreasonable to expect a person in a retail store to use the same degree of lookout as he would on a public street.' " *Id.*, quoting *Steinhorst v H C Prange Co*, 48 Wis 2d 679, 685-686; 180 NW2d 525 (1970). In sum, the Court concluded:

> "[The d]efendant's store in this case was a 'self-service' type store, in which its merchandise was displayed on counters or on shelves so that customers could inspect the merchandise as they walked in the aisles or passageways of the store. The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle, and in our opinion that circumstance must be considered in determining the degree of care which the storekeeper should use in maintaining safe passageways. A patron of a self-service type store, we think, is entitled to rely upon the presumption that the proprietor will see that the passage-ways provided for his use are reasonably safe, considering the fact that while using these passageways he may be devoting some of his attention toward inspecting the merchandise." [*Id.* at 699-700, quoting *Provost v Great Atlantic & Pacific Tea Co, Inc*, 154 So 2d 597, 601-602 (La App, 1963).]

The problem with plaintiff's assertion in this regard is that *Jaworski* was a contributory negligence case. See *Jaworski, supra* at 696-697. The issue in *Jaworski* was

not whether the defendant supermarket owed the plaintiff a duty, but whether the plaintiff was contributorily negligent in failing to observe and avoid slipping on the spilled cottage cheese. See *Clark v Kmart Corp (On Remand)*, 249 Mich App 141, 152; 640 NW2d 892 (2002); *Charleston v Meijer, Inc*, 124 Mich App 416, 419; 335 NW2d 55 (1983). The doctrine of contributory negligence has been abrogated since our Supreme Court's decision in *Jaworski*, see *Placek v Sterling Hts*, 405 Mich 638; 275 NW2d 511 (1979), and this Court has suggested that the reasoning of *Jaworski*—holding that the plaintiff was not contributorily negligent for failing to observe and avoid the spilled cottage cheese—is no longer relevant under the doctrine of comparative negligence, *Charleston, supra* at 419. The *Charleston* Court observed that with the advent of comparative negligence in Michigan, "[t]he trend is towards allowing all issues [concerning the plaintiff's alleged negligence], when supported by the facts, to go to the jury . . . . " *Id.*

The issue in the case at bar is not whether plaintiff was comparatively negligent in failing to observe and avoid the crushed grapes or grape residue on defendants' floor. Instead, the issue is whether defendants owed plaintiff a duty in the first instance. We readily concede that shoppers in modern grocery stores are often distracted by displays and merchandise. But mere distractions are not sufficient to prevent application of the open and obvious danger doctrine. *Lugo, supra* at 522. Instead, to prevent application of the open and obvious danger doctrine to a typical and obvious condition, the condition must be "effectively unavoidable" or "unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm." *Id.* at 518. "However, typical open and obvious dangers . . . do not give rise to these special aspects." *Id.* at 520.

Like plaintiff in the present case, who argues that he was distracted by the displays and merchandise in defendants' supermarket, the plaintiff in *Lugo* argued that she did not notice or observe a potentially hazardous pothole because she was "distract[ed]" by moving vehicles in the parking lot. *Id.* at 522. The *Lugo* Court ruled that the relevant inquiry was not merely whether the plaintiff was distracted, but whether there was anything "unusual" about the plaintiff's distraction that would preclude application of the open and obvious danger doctrine. *Id.* The Court concluded:

> While plaintiff argues that moving vehicles in the parking lot were a distraction, there is certainly nothing "unusual" about vehicles being driven in a parking lot, and, accordingly, this is not a factor that removes this case from the open and obvious danger doctrine.

> * * *

> [P]otholes in pavement are an "everyday occurrence" that ordinarily should be observed by a reasonably prudent person. Accordingly, in light of plaintiff's failure to show special aspects of the pothole at issue, it did not pose an unreasonable risk to her. [*Id.* at 522-523.]

In light of *Lugo*, we conclude that there was nothing unusual about plaintiff's purported distraction; nor is there anything unusual about spilled grapes or grape residue on a supermarket floor. Therefore, even if the reasoning of *Jaworski* still applies under our system of comparative negligence, it does not obviate the fact that the crushed grapes on which plaintiff slipped were open and obvious as a matter of law. Reasonable minds could not disagree that the crushed grapes on which plaintiff slipped were not "unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm." *Lugo, supra* at 518.

Plaintiff next contends that even if the crushed grapes and grape residue were obvious and readily apparent, the open and obvious danger doctrine does not apply to bar recovery in this case because defendants should have known that he would be distracted by their displays and merchandise. Again, we disagree. It is true that in some cases, " 'the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger.' " *Bertrand, supra* at 611, quoting 2 Restatement Torts, 2d, § 343A, comment f, p 220. We fully recognize that " '[s]uch reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious,' " and that in such cases the open and obvious danger doctrine will not apply to bar the defendant's duty to the invitee. *Bertrand, supra* at 611-612, quoting 2 Restatement Torts, 2d, § 343A, comment f, p 220.

However, plaintiff in this case has simply failed to raise a genuine issue of fact with respect to whether defendants knew or should have known that his attention would be distracted in this manner. We do not dispute that the evidence in this case, including numerous past accident reports from several of defendants' supermarkets, established that defendants should have been aware of the potential slipping hazard posed by crushed grapes or grape residue. In contrast, however, there was no evidence introduced in this case to establish or even suggest that defendants knew or should have known that plaintiff would be sufficiently distracted by the displays and merchandise so as to divert his attention from this otherwise open and obvious slipping hazard. Again referring to *Jaworski*, plaintiff essentially asks us to conclude that all shoppers, as a

matter of course, are distracted by supermarket displays and merchandise. However, we will not create such a broad rule, especially in light of the fact that public policy requires individuals to take some degree of reasonable care for their own safety. *Bertrand, supra* at 616-617. Moreover, as this Court has previously observed, "We see no valid reason to extend *Jaworski* and create a special standard of care for supermarket patrons." *Charleston, supra* at 419. In short, it was plaintiff's burden to establish a genuine issue of material fact with respect to whether defendants "ha[d] reason to expect that the invitee's attention [might have been] distracted, so that he [would] not discover what [was] obvious . . . .' " *Bertrand, supra* at 611-612, quoting 2 Restatement Torts, 2d, § 343A, p 220. However, he did not come forward with sufficient evidence to meet this burden. Plaintiff has failed to create a genuine factual dispute with respect to whether defendants knew or should have known that his attention would be distracted away from the open and obvious danger.

Citing *O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), plaintiff next argues that the open and obvious danger doctrine cannot bar recovery because defendants breached a separate and independent duty created by the International Property Maintenance Code.[1] He contends that defendants' code violation prevented application of the open and obvious danger doctrine in this case. We disagree.

---

[1] Neither the record nor the briefs contain any indication that the International Property Maintenance Code had been adopted by the municipality where plaintiff's accident occurred. Likewise, we find no support for plaintiff's assertion that a violation of the International Property Maintenance Code is equivalent to a violation of state statute. Nonetheless, we will address plaintiff's code-based arguments for purposes of this appeal.

We recognize that code violations may provide some evidence of negligence. *Id.* at 578; see also *Summers v Detroit*, 206 Mich App 46, 51-52; 520 NW2d 356 (1994). However, as the *O'Donnell* Court made clear, even in cases of code violations, the relevant inquiry remains whether any special aspects rendered the otherwise open and obvious condition unreasonably dangerous. *O'Donnell, supra* at 578-579. In other words, even when a hazardous condition results from a code violation, "[t]he critical inquiry is whether there is something unusual about [the alleged hazard] that gives rise to an unreasonable risk of harm." *Id.* at 578. If the proofs create a genuine issue of fact concerning whether the risk of harm was "unreasonable," the existence of a duty becomes a question for the trier of fact. *Id.* at 579.

As discussed above, there is nothing unusual about crushed grapes on a supermarket floor that would create an unreasonably high risk of harm. Accordingly, given the evidence presented in this case, reasonable minds could not conclude that the slipping hazard created by the crushed grapes or grape residue on defendants' floor was unreasonably dangerous. Plaintiff's reliance on defendants' alleged code violation is unavailing.

Finally, plaintiff argues that even if the crushed grapes and grape residue were open and obvious, defendants breached a separate and distinct duty imposed by the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.* Therefore, plaintiff argues that the open and obvious danger doctrine does not apply. Again, we disagree.

It is true that "the applicability of the open and obvious danger doctrine depends on the theory underlying the negligence action." *Hiner v Mojica*, 271 Mich App 604, 615; 722 NW2d 914 (2006). The open and obvious danger doctrine cannot be used to avoid a

specific statutory duty. *O'Donnell, supra* at 581. Therefore, if a negligence action is premised on the violation of a statute rather than on common-law principles of premises liability, the open and obvious danger doctrine will not apply. See *id.*

Plaintiff contends that defendants breached the duty to provide a safe workplace as required by § 9 of MIOSHA, MCL 408.1009, and by administrative regulations enacted under MIOSHA. In Michigan, the violation of a statute creates a rebuttable presumption of negligence, and the violation of an administrative regulation constitutes evidence of negligence. *Candelaria v B C Gen Contractors, Inc*, 236 Mich App 67, 82 n 5; 600 NW2d 348 (1999). However, MIOSHA and the regulations enacted under MIOSHA apply only to the relationship between employers and employees and therefore do not create duties that run in favor of third parties. See *Davis v Link, Inc*, 195 Mich App 70, 73; 489 NW2d 103 (1992). Accordingly, MIOSHA does not impose a statutory duty in favor of third parties in the negligence context. *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 461; 708 NW2d 448 (2005). Nor do administrative regulations enacted under MIOSHA impose duties in favor of third parties in the negligence context. *Ghaffari v Turner Const Co*, 259 Mich App 608, 613; 676 NW2d 259 (2003), rev'd on other grounds 473 Mich 16 (2005). Neither MIOSHA nor the administrative regulations enacted under it imposed a duty on defendants running in favor of plaintiff. Plaintiff may not rely on MIOSHA and the MIOSHA regulations to escape application of the open and obvious danger doctrine in this premises liability case.[2]

---

[2] We also note that MIOSHA does not provide an independent tort remedy. *White v Chrysler Corp*, 421 Mich 192, 199 n 7; 364 NW2d 619 (1984).

Even viewing the evidence in the light most favorable to plaintiff, no record could be developed on which reasonable minds could differ regarding defendants' duty in this case. The crushed grapes on which plaintiff slipped were open and obvious as a matter of law, and plaintiff has not sufficiently supported his claims that the open and obvious danger doctrine should not apply. The trial court properly granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). See *Spagnuolo v Rudds #2, Inc*, 221 Mich App 358, 361; 561 NW2d 500 (1997).

Affirmed.