# STATE OF MICHIGAN

# COURT OF APPEALS

---

KENNETH KLIMEK,

       Plaintiff-Appellant,

v

MS PLAZA, LLC, and PRIME PROPERTY
ASSOCIATES, INC.,

       Defendants-Appellees.

UNPUBLISHED
April 7, 2015

No. 318504
Oakland Circuit Court
LC No. 2012-130756-NO

---

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

JANSEN, J. (*dissenting*).

In my opinion, a reasonable person in plaintiff's position would not have anticipated that the rubberized floor mat would slip out from under him as he stepped onto it to approach the urinal. Accordingly, I respectfully dissent.

The fact that defendant had seen the rubberized floor mat shift slightly on previous occasions is of little importance in this case. After all, the purpose of the rubberized mat was to *reduce* the slipperiness of defendants' floor, and any reasonable user of defendants' bathroom facilities would have expected it to fulfill this function.

Plaintiff's expert, Steven Ziemba, averred in his affidavit that defendants owed a duty to place the edge of the rubberized mat against the wall, and should have secured the mat to the floor with tape or Velcro. Defendants did neither of these things, instead placing the edge of the mat underneath the urinal and away from the wall, thereby permitting it to slide forward when plaintiff stepped up to the urinal. Ziemba also averred that the manufacturer's instructions recommended placement of the mat firmly against the wall; and an instructional video suggested the attachment of Velcro tabs for additional stability. I acknowledge that maintenance employee Peter Meldrum testified that the manufacturer's instructions only specified that the mat should be placed on a dry, clean surface. However, I believe that Ziemba's affidavit was sufficient to create a genuine issue of material fact concerning whether the mat was properly installed. Of note, neither defendant nor any other layperson untrained in slipping hazards could have been expected to know that the mat should be installed flush against the wall.

An average person would not have recognized upon casual inspection that the rubberized floor mat would slip out from under him as he stepped up to the urinal. Cf. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713-714; 737 NW2d 179 (2007). I therefore

-1-

conclude that the circuit court erred by granting summary disposition in favor of defendants on the ground that the hazard posed by the mat was open and obvious.  I would reverse.


/s/ Kathleen Jansen