# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JCS, Minor.

UNPUBLISHED
May 23, 2017

No. 335446
Oakland Circuit Court
Family Division
LC No. 2015-834103-AY

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's opinion and order terminating his parental rights to the minor child under MCL 710.51(6) (failure to comply with a support order for two years or more and failure to visit, contact, or communicate with the child for two years or more). We affirm.

## I. RELEVANT FACTS

Petitioners are the biological mother of the minor child and her husband. Respondent is the child's biological father. On August 18, 2015, petitioners filed a petition for stepparent adoption of JCS and a supplemental petition requesting termination of respondent's parental rights. On January 11, 2016, the court held a consent hearing, at which respondent objected to the adoption and indicated that he had filed a motion for visitation with JCS. The court stayed the proceedings until respondent's pending motion for visitation was resolved by the Friend of the Court. On April 5, 2016, respondent filed a motion for summary disposition requesting that the petition for adoption be dismissed. Respondent argued that there was no genuine issue of material fact because he substantially complied with the entered support order for the two years preceding the petition. On April 20, 2016, petitioners moved for summary disposition on their supplemental petition for termination, arguing that respondent failed to comply substantially with the support order and failed to contact the child for a period of two years or more before the filing of the petition. On May 16, 2016, the court held a hearing on the parties' motions. The parties did not dispute the facts, but simply took differing views regarding whether those facts supported termination under MCL 710.51(6). Following the hearing, the trial court issued a written opinion on June 20, 2016, concluding that the statutory requirements of MCL 710.51(6)(a) and (b) had been met, and in accordance with respondent's request, it scheduled a

-1-

best-interest hearing.[1] Following the best-interest hearing, the trial court terminated respondent's parental rights so that the stepparent adoption could proceed.

## II. STANDARD OF REVIEW

The petitioners in a stepparent adoption proceeding have the burden of proving by clear and convincing evidence that termination of the noncustodial parent's rights is warranted. *In re Hill*, 221 Mich App 683, 691; 562 NW2d 254 (1997). We review a trial court's factual findings for clear error. *Id*. at 691-692. "A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. at 692.

## III. ANALYSIS

Respondent argues that the trial court improperly granted petitioners' motion for summary disposition. We disagree. "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The trial court terminated respondent's parental rights pursuant to MCL 710.51(6) of the Adoption Code, which provides:

> (6) If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if the parent having legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. . . .

---

[1] At the end of the May 16, 2016 hearing, respondent's counsel stated that if the court were to find that the statutory requirements under MCL 710.51(6) were met, his client should be entitled to a best interests hearing before the trial court exercised its discretion whether to terminate respondent's parental rights.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

With respect to MCL 710.51(6)(a), it is undisputed that respondent was $9,347.51 in arrears on the date of the filing of the petition. He did not make his first child support payment until March 7, 2012.[2] He made regular payments from March 2012 until September 2012, but only fulfilled his monthly obligation in full on a few occasions. After partial payments in November 2013, respondent did not provide child support again until July 2015, forcing petitioner-mother to go without child support for a year and a half.[3] Respondent conceded that he had never sought a reduction in child support payments.

Given the undisputed facts regarding respondent's payment history, the trial court did not clearly err by finding that respondent had failed to comply substantially with his child support obligation. Because there was a child support order in place in this case, the only issue to be determined with respect to MCL 710.51(6)(a) was whether respondent substantially complied with the order for the two-year period. *In re SMNE*, 264 Mich App 49, 53-55; 689 NW2d 235 (2004) (indicating that where there is a child support order in place, a court need not consider a party's ability to pay, because such ability will have been factored into the support order); see also *In re Newton*, 238 Mich App 486, 492-493; 606 NW2d 34 (1999). Respondent claims he stopped paying child support when he lost his job, but he admits that he did not seek modification of the support order. While a court may consider the reasons for noncompliance with a current support order, *In re Martyn*, 161 Mich App 474, 480; 411 NW2d 743 (1987), it not required to do so because a valid order is presumed to reflect the party's ability to pay, *In re SMNE*, 264 Mich App at 53-55.

---

[2] Petitioner-mother was granted sole legal and physical custody of the minor child on September 7, 2011, at which time respondent was ordered to pay child support. Petitioners filed their supplemental petition to terminate respondent's parental rights on August 18, 2015, and thus, the two-year time period addressed in MCL 710.51(6)(a) commenced on August 18, 2013.

[3] The Michigan Child Support Enforcement System NCP Financial detail, contained in the trial court's file, showed that respondent had a $12,807.88 child support arrearage as of April 1, 2016. The trial court took note of the fact that respondent's child support payments remained sporadic even after petitioners filed for termination of his parental rights.

With regard to MCL 710.51(6)(b), it was undisputed that respondent had not had contact with JCS since 2012 and had not contacted the child's mother to arrange visits since 2014. Consequently, JCS had not had parenting time with respondent during the four years prior to petitioners' filing their petition. Respondent insisted that he and petitioner agreed that he would not exercise parenting time until his living situation stabilized, and that petition-mother rebuffed his visitation attempts after he achieved stability. However, respondent had a legally enforceable right to maintain a relationship with the child and could have sought relief from the Friend of the Court if petitioner-mother interfered with that right. See *In re SMNE*, 264 Mich App at 51. Therefore, the trial court did not clearly err in finding that petitioners established the statutory requirements for termination of respondent's parental rights pursuant to MCL 710.51(6)(b).

The trial court also did not err when considering the child's best interests before exercising its discretion whether to terminate respondent's parental rights. In this case, petitioners sought termination under the Adoption Code, MCL 710.51(6). Although the trial court is required to consider the child's best interests before approving the child's adoption, MCL 710.51(1)(b); MCL 710.22(g), it is not obligated to consider the child's best interests before terminating parental rights under the Adoption Code, *In re Hill*, 221 Mich App at 696. Nevertheless, because termination is permissive under MCL 710.51(6), this Court has held that the trial court may consider evidence relating to the child's best interests when ruling on a petition filed pursuant to MCL 710.51(6). *In re Hill*, 221 Mich App at 696. Even if a petitioner establishes that the conditions set forth for termination of parental rights pursuant to MCL 710.51(6) have been met, "a court need not grant termination if it finds that it would not be in the best interests of the child." *In re Newton*, 238 Mich App at 494. In this instance, respondent specifically requested that the court consider the child's best interests before deciding to terminate his parental rights in the event the court found that the conditions in MCL 710.51(6) were met.

Further, record evidence convinces us that the trial court did not abuse its discretion in finding that termination of respondent's parental rights was in JCS's best interests. The record indicates that the child has special needs, does not function at the level of other like-aged children, self-harms, and does not respond well to change. Respondent admitted that he had not been a consistent presence in JCS's life, did not know the child's psychological or dietary needs, could only assume what the child liked to do, and had no information about the child's school, doctor, or medications. He asserted, however, that he was ready to visit the child and to provide permanency and financial support. Petitioners testified that they had taken care of the child for the previous four years and were intimately familiar with the child's needs. Petitioner-stepfather testified that he was comfortable with the child's autism spectrum disorder[4] because he had a brother with autism, and that he had learned through experience and consultation with experts

---

[4] In his brief on appeal, respondent argues that there was no evidence on the record that the child was ever diagnosed with an autism spectrum disorder as petitioners claim. This argument is without merit. Respondent conceded that the child was autistic, and even if he had not been formally diagnosed, the evidence made it clear that the child had sensory issues, cognitive delays, and regular tantrums.

how to help JCS during the child's tantrums. Petitioner-stepfather's testimony further indicated that a close bond existed between him and JCS. In light of this and other testimony offered at the best-interest hearing, we affirm the trial court's finding that termination of respondent's parental rights to JCS was in the child's best interests.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro