# STATE OF MICHIGAN

# COURT OF APPEALS

RITA KANOUNA,

       Plaintiff-Appellant,

v

SLM WINDMILL LIMITED PARTNERSHIP,

       Defendant-Appellee.

UNPUBLISHED
July 24, 2018

No.  337897
Macomb Circuit Court
LC No.  2016-002174-NO

Before:  CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10).  We affirm.

## I. FACTUAL BACKGROUND

On March 24, 2016, during daylight hours, plaintiff fell while walking to her car which was parked in the parking lot of defendant's shopping plaza.  According to plaintiff, who often visited the shopping plaza, it had been raining that day, and there were numerous puddles throughout the parking lot.  While walking across the parking lot, plaintiff observed a puddle in her path.  Plaintiff believed this to be a shallow puddle with solid, smooth blacktop beneath it. However, when plaintiff stepped into the puddle, she tripped on a crack or indentation in the pavement beneath the puddle, causing her to fall and injure her right hand.  In plaintiff's ensuing premises liability action, the trial court granted defendant's motion for summary disposition, concluding that there was no genuine issue of material fact with respect to whether the puddle constituted an open and obvious danger.  This appeal followed.

## II. STANDARD OF REVIEW

On appeal, plaintiff challenges the trial court's grant of summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).  This Court reviews the trial's decision on a motion for summary disposition de novo.  *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).  The moving party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law."  *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 469 (2003).  The trial court may consider "the affidavits, pleadings, depositions, admissions, and other documentary

-1-

evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc. v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

### III. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition to defendant because the danger posed by the cracks and indentations in the puddle were not open and obvious. We disagree.

Michigan jurisprudence distinguishes "between claims arising from ordinary negligence and claims premised on a condition of the land." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016) (citations omitted). In this case, plaintiff qualified as an invitee, and as such, defendant, as the possessor of the land in question, had a duty to use reasonable care to protect plaintiff from an unreasonable risk of harm posed by a dangerous condition on the premises. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Defendant breaches that duty when it knows or should know of a dangerous condition on the premises of which the invitee, i.e., plaintiff, is unaware, and fails to fix, guard against, or warn the invitee of that defect. *Id*.

However, the duty to warn and protect invitees is not absolute. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 612; 537 NW2d 185 (1995) (citation omitted). A premises owner will not be held liable for dangerous conditions that are "open and obvious." *Id*. at 611. The possessor of land is not an absolute insurer of the safety of an invitee, *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710-712-713; 737 NW2d 179 (2007) (citation omitted), and therefore, a premises owner does not owe a duty to an invitee to protect or warn of dangers that are open and obvious because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 460-461.

Whether a danger is open and obvious depends on whether the average person with ordinary intelligence could be expected to discover the danger upon casual inspection. *Id*. at 461. In making this determination, trial courts must consider the "objective nature of the condition of the premises at issue." *Id*. Because this is an objective test, this Court cannot consider whether a particular plaintiff should have realized the condition was dangerous; rather, this Court considers whether a reasonable person in the plaintiff's position would have foreseen the danger. *Kennedy*, 274 Mich App at 713.

In this case, plaintiff argues that the danger posed by the puddle was not open and obvious because reasonable jurors could disagree with respect to whether the cracks and indentations *underneath* the water were visible upon casual inspection. Plaintiff draws a distinction between the puddle, which was indisputably visible to plaintiff when she walked from the store to her car, and any cracks and indentations in the pavement, which were hidden and *not* visible to plaintiff. There existed, plaintiff argues, a genuine issue of material fact as to whether a reasonable person would have been able to discover these cracks and indentations. We disagree because, considering all of the evidence in the light most favorable to plaintiff, an

average person with ordinary intelligence would have known that a plainly visible rain puddle in a parking lot could conceal such dangers as cracks and indentations in the underlying concrete.

Plaintiff testified that it was still daylight when she arrived at the store, that it had been raining all day, and that she stepped into and through puddles in the parking lot when she walked from her car to the store. There were no obstructions to her vision. Plaintiff returned to her car, taking essentially the same path, and encountered the puddle that caused her fall. Plaintiff testified that she saw the puddle yet stepped into it anyway.

Viewing plaintiff's testimony in the light most favorable to her as the non-moving party, an average person of ordinary intelligence would have discovered the potential danger posed by the puddle upon casual inspection. Nothing in plaintiff's testimony indicates that the puddle was hidden or difficult to see. While it may be true that cracks or indentations beneath the puddle were not visible, the presence of the puddle itself provided a warning to any pedestrian of average intelligence that the pavement beneath was very likely not flat and smooth. As the trial court aptly stated, the puddle "made it obvious that there was clearly something that caused the water to come together[;] . . . there was clearly not a completely flat surface underneath the water or the water wouldn't have been puddled there to begin with." The trial court further noted that "puddles of water are there specifically not because water just randomly conceals together, but because there are uneven surfaces that cause the water to puddle." The existence of the puddle would put an average pedestrian on notice that it could be concealing uneven cement, because, in accordance with basic laws of physics, puddles do not ordinarily form without such uneven or depressed surfaces beneath to contain the water.

Plaintiff emphasizes that she could not see the cracks or indentations beneath the puddle water and that she took great care before stepping into the puddle. However, this Court must not focus "on the subjective degree of care used by the plaintiff." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523-524; 629 NW2d 384 (2001). The test requires application of an objective standard based on an average user with ordinary intelligence, not a particular plaintiff's personal observations. *Hoffner*, 492 Mich at 461. Therefore, the fact that plaintiff may have believed the puddle was safe is not dispositive.

In sum, the trial court did not err in granting defendant's motion for summary disposition because reasonable minds could not differ with respect to whether the presence of the puddle in defendant's parking lot concealed potentially dangerous defects, i.e., cracks or indentations, beneath.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell

-3-