*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIEA WILSON,

        Plaintiff-Appellant,

v

THE KROGER COMPANY OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
October 10, 2019

No. 345535
Genesee Circuit Court
LC No. 17-110113-NO

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We affirm.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff had been shopping at defendant's store for dog food and cigarettes, and chose to check out at a self-checkout station. Plaintiff asked defendant's employee, Dwuan Moore, who had been standing at his station at the front of the self-checkout area, to get her the cigarettes. Moore walked around the register to retrieve the cigarettes. He returned with the cigarettes and scanned them for plaintiff. As she was leaving the store, plaintiff stepped around Moore's station and proceeded to slip on cherries that were on the floor.

When plaintiff stepped on the cherries, her right ankle turned out and she heard a pop, but she did not fall. In her deposition, plaintiff testified that she did not see the cherries on the floor until immediately before she stepped on them. Plaintiff alerted Moore to the cherries, then walked out of the store, and drove herself and her husband home. After arriving home, plaintiff's ankle became swollen and painful to walk on, and she went to a hospital, where it was determined that the ankle was sprained. Plaintiff was placed in an air cast and discharged home. Later that night she returned to the store to report the incident.

Plaintiff filed a one-count complaint alleging that defendant was negligent in keeping its premises in a reasonable state of repair and free from hazardous conditions, and in failing to warn plaintiff of the hazardous conditions.[1] After engaging in discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the cherries were open and obvious and that there was no evidence to indicate that defendant had actual or constructive notice of the condition. The trial court agreed that the cherries were open and obvious, and granted summary disposition in favor of defendant solely on that basis. This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's decision on a motion for summary disposition de novo. *Sabbagh v Hamilton Psychological Services, PLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343204); slip op at 4. Summary disposition under MCR 2.116(C)(10) is appropriate where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *George v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 5 (quotation marks and citations omitted). When reviewing a summary disposition motion brought under MCR 2.116(C)(10), the "trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*.; slip op at 5. Reasonable inferences are drawn in favor of the nonmoving party. *Id*.; slip op at 5.

## III. OPEN AND OBVIOUS DOCTRINE

Plaintiff argues on appeal that the trial court erroneously granted summary disposition in favor of defendant where a material question of fact remained regarding whether the cherries upon which plaintiff slipped were an open and obvious danger. Specifically, plaintiff maintains that there is a remaining question of fact regarding whether the cherries were obstructed from view by a cash register.

"In a premises liability action, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty

---

[1] We note that although plaintiff labeled Count I of her complaint as a complaint for "Negligence," it is actually a premises liability claim. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence[.]" *Wilson v BRK, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342449); slip op at 3 (citation omitted). However, because we look to the gravamen of plaintiff's complaint, we treat this matter, as the trial court did, as a premises liability claim. See *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007), where this Court explained, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."

caused plaintiff's injuries, and (4) that the plaintiff suffered damages." *Kennedy v Great Atlantic & Pacific Tea Company*, 274 Mich App 710, 712; 737 NW2d 179 (2007) (citation omitted).  In this case, it is undisputed that plaintiff was an invitee, and as such, defendant, as a premises possessor,

> owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land.  Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.  [*Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012) (citations omitted).]

However, the possessor of a premises does not owe a plaintiff a duty to exercise reasonable care to protect them from an unreasonable risk of harm when a dangerous condition is open and obvious.  *Lugo v Ameritech Corp Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

> [W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee.  [*Id*. (alteration in original), citing *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 96; 485 NW2d 676 (1992).]

A potential danger is open and obvious when "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008) (quotation marks and citation omitted; alteration in original).  This is an objective standard, and the subjective knowledge or level of care taken by the invitee should not be the focus when determining if the danger was open and obvious.  *Lugo*, 464 Mich at 523-524.  Instead of asking if the invitee saw the danger, a court should instead ask if the danger was observable upon casual inspection to the average observer.  *Price v Kroger Co of Mich, Inc*, 284 Mich App 496, 501; 773 NW2d 739 (2009).  In fact,

> [o]ur Supreme Court has explicitly cautioned that when applying this test, it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not the subjective degree of care used by the plaintiff.  The proper question is not whether *this plaintiff* could or should have discovered [the condition], but whether the [condition] was observable to the average, casual observer.  [*Price*, 284 Mich App at 501 (quotation marks and citation omitted) (italics in original).]

Turning to the instant case, plaintiff argues that her view of the cherries on the floor was obstructed by a cash register, and therefore the condition was not open and obvious.  At minimum, plaintiff argues, a question of fact remains as to the whether an average, casual observer would have seen the cherries.  We cannot agree.  Plaintiff testified that the cherries were "Bing cherries," red in color, and lying on a gray floor.  Plaintiff further testified that she saw the cherries on the floor *as she was stepping on them*.  Plaintiff never fell, and had no

trouble seeing the cherries on the floor after stepping on them. Accordingly, in light of plaintiff's own testimony, we conclude that an average person of ordinary intelligence would have discovered the cherries on the floor upon a casual inspection, and a reasonable person in plaintiff's position would have perceived the danger. Therefore, we conclude that the cherries were open and obvious as a matter of law.

Plaintiff also argues that a material question of fact remains as to whether defendant had, or should have had, notice of the cherries on the floor, which created a dangerous condition. Although this issue was raised in the trial court, it was not decided by the trial court in light of the trial court's finding that the condition was open and obvious. Because this issue was not decided in the trial court, this Court is not required to address the issue, and we decline to do so here in light of our conclusion that the condition was open and obvious.

Affirmed.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica

-4-