*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS SOKOLOWSKI,

      Plaintiff-Appellant,

v

MEIJER, INC.,

      Defendant-Appellee.

UNPUBLISHED
February 10, 2022

No. 356776
Ionia Circuit Court
LC No. 2020-034401-NO

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Thomas Sokolowski, appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On January 13, 2020, Sokolowski entered a public bathroom inside of a Meijer gas station. The lights were on and, as he entered, he was looking at the floor. He testified that after taking a couple of steps into the room, he stepped on something hard, slipped, and fell. When he got up, he saw a AAA battery on the floor. He added that the battery was "obvious" and was the only item on the floor; however, he stated that he had not seen it before he fell. As a result of his fall, Sokolowski sustained several injuries, including a herniated disc.

On June 30, 2020, Sokolowski filed a complaint against defendant. He alleged both a premises-liability claim and a claim sounding in ordinary negligence. Relevant to this appeal, defendant moved for summary disposition under MCR 2.116(C)(10). Following oral argument, the trial court granted the motion.

## II.  SUMMARY DISPOSITION

### A.  STANDARD OF REVIEW

Sokolowski argues that the trial court erred by granting summary disposition.  "This Court reviews a trial court's ruling on a motion for summary disposition de novo." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018).

### B.  ANALYSIS

#### 1.  NATURE OF THE CLAIM

Sokolowski contends that the trial court erred by dismissing his ordinary negligence claim. There is a difference "between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).  In a premises-liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*.  In contrast, an ordinary negligence claim is grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005) (opinion by NEFF, J.).  "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.  Here, there is no evidence suggesting that defendant's conduct (or the conduct of its agents), rather than a condition on the land, was the basis of liability.  As a result, Sokolowski's claim sounds solely in premises liability, and there is no merit to his argument that the trial court erred by dismissing what he labeled as an ordinary-negligence claim.  See *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) ("It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim.").

#### 2.  OPEN AND OBVIOUS

Next, Sokolowski argues that the trial court erred by determining that the AAA battery was an open and obvious hazard.

Sokolowski was an invitee at the Meijer gas station because he was there to purchase gasoline.  See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) (stating that "invitee status is commonly afforded to persons entering upon the property of another for business purposes").  "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). "However, this duty does not generally encompass removal of open and obvious dangers[.]" *Id*. The premises possessor "owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee

may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (quotation marks and citation omitted).

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. "This is an *objective standard*, calling for an examination of the 'objective nature of the condition of the premises at issue.' " *Id*., quoting *Lugo*, 464 Mich at 517. "Because the test is objective, this Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007).

In this case, Sokolowski stresses that he did not see the battery before he fell despite the facts that the lights were on and he looked at the floor as he entered the room. Yet, it is of no consequence that he did not first observe the battery before he fell because the test is an objective one. *Lugo*, 464 Mich at 524. Instead, it is telling that once he fell and looked around, the battery was the only object on the floor, and it was, in Sokolowski's words, "obvious." Indeed, the record is devoid of evidence indicating that the battery was inconspicuous. For example, there is no evidence that the battery and the floor were of a non-contrasting color or pattern, nor is there any indication that the battery was covered or otherwise obscured by any other object. Because Sokolowski's testimony establishes that the battery on the floor was obvious to someone looking at the floor, the trial court did not err by determining that the hazard posed by the battery was an open and obvious danger.

Sokolowski next argues that, even if the hazard posed by the battery was open and obvious, the open-and-obvious doctrine does not bar his claim because there are "special aspects" of the condition. Specifically, he asserts that the hazard posed by the battery was an unreasonably dangerous condition. "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. In order for the special-aspects exception to the open and obvious danger doctrine to apply, the condition must be either effectively unavoidable or unreasonably dangerous, meaning it imposes an unreasonably high risk of severe harm or death. *Kennedy*, 274 Mich App at 716. An *unreasonably* dangerous hazard is a hazard that is more than "theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472. Here, Sokolowski asserts that the battery is unreasonably dangerous because he sustained a serious injury when he slipped on it and because other people who might have slipped on it could have also received similar injuries or, in the case of elderly people, someone might have been more severely injured. However, his evidence does not show that there is an unreasonably high risk of severe harm or death. See *Kennedy*, 274 Mich App at 716. Rather, he can only show that the condition is theoretically or retrospectively dangerous, which, as explained by the *Hoffner* Court is insufficient. See *Hoffner*, 492 Mich at 472.

### 3. RES IPSA LOQUITOR

Sokolowski next contends that summary disposition was improper because negligence can be inferred under the doctrine of res ipsa loquitor. However, that doctrine requires that the event

"must be caused by an agency or instrumentality within the exclusive control of the Defendant." *Pugno*, 326 Mich App at 19 (quotation marks and citation omitted). Here, Sokolowski was injured in a public restroom by a battery that was not in the exclusive control of defendant. As a result, the doctrine is inapplicable under the circumstances of this case.

## 4. NOTICE

Sokolowski argues that, because defendant was the moving party, he had no obligation to prove that defendant had actual or constructive notice of the dangerous condition. However, although a premises possessor breaches its duty of care to an invitee "when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect," the burden is on the plaintiff to demonstrate that "the premises possessor had actual or constructive notice of the dangerous condition at issue." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation marks and citation omitted). And, on a motion for summary disposition, a defendant may prevail by "demonstrating that plaintiff failed to present sufficient evidence of notice." *Id*. at 10.

## 5. DISCOVERY

Next, Sokolowski argues that the trial court committed an error requiring reversal by the granting summary disposition before discovery was completed. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if additional discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 231; 933 NW2d 363 (2019) (quotation marks and citation omitted). A party alleging that summary disposition was premature must "clearly identify the disputed issue for which it asserts discovery must be conducted and support the issue with independent evidence." *Powell-Murphy v Revitalizing Auto Communities Envtl Response Tr*, 333 Mich App 234, 253; 964 NW2d 50 (2020). "The dispositive inquiry is whether further discovery presents a fair likelihood of uncovering factual support for the party's position." *Id*. (quotation marks and citation omitted).

Sokolowski asserts that defendant's motion for summary disposition was premature because he did not have the opportunity to depose any of defendant's representatives. However, Sokolowski does not explain how additional discovery would uncover factual support for his position. Because he has not shown that additional discovery would have a fair likelihood of uncovering factual support for his position, the trial court did not err by granting summary disposition before discovery could be completed.

## 6. PUBLIC POLICY

Finally, Sokolowski argues the grant of summary disposition in this case is against public policy because it dissuades businesses from performing routine inspections of their premises. This argument is misplaced. A premises possessor has a duty "to make the premises safe, which requires the landowner to inspect the premises and depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Lowrey*, 500 Mich at 10 n 2; see also *Albitus*

*v Greektown Casino, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 356188); slip op at 3 (stating that "the duty of premises owners to inspect for dangers on behalf of invitees is a longstanding principle of Michigan law."). The mere fact that Sokolowski has presented no evidence that defendant breached that duty in this case does not mean that in future cases business owners will neglect their duty to inspect. As a result, Sokolowski's public policy argument is without merit.

Affirmed. Defendant may tax costs as the prevailing party. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford