# STATE OF MICHIGAN

# COURT OF APPEALS

HEDIJA LIVADIC,

Plaintiff-Appellant/Cross-Appellee,

v

WAL-MART STORES, INC.,

Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
October 17, 2017

No. 333109
Macomb Circuit Court
LC No. 14-003816-NO

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this premises liability and negligence action, plaintiff appeals as of right, and defendant cross-appeals as of right, the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff slipped on a clothes hanger that was on the floor of one of defendant's stores, fell, and was injured. Plaintiff sought compensation for those injuries from defendant under theories of negligence and premises liability. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that there was no evidence that it had notice, actual or constructive, of the hanger's presence on the floor, and that the danger was open and obvious. The trial court granted defendant's motion after finding that there was no evidence of notice to defendant, but did not address the question of whether the danger was open and obvious.

Plaintiff appeals that decision, arguing that neither ground required summary disposition in favor of defendant. Defendant cross-appeals, arguing that the danger was open and obvious. Because we agree with defendant that the danger in question was open and obvious, we affirm the trial court's decision, but will not address the issue of notice.

We review de novo the trial court's grant of summary disposition. *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue

-1-

regarding any material fact." *Id.* We review de novo the applicability of legal doctrines, including whether a danger was open and obvious. *Ghaffari v Turner Constr Co*, 473 Mich 16, 19; 699 NW2d 687 (2005).

Plaintiff first argues that the open and obvious danger doctrine was not applicable to her case against defendant because her claim was one for ordinary negligence. We disagree.

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016) (internal quotation marks and citation omitted). "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). This Court is not bound by the labels the parties attached to their claims. *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014).

With respect to a premises liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Comparatively, "[o]rdinary negligence claims are grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity." *Lymon*, 314 Mich App at 756. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.

Plaintiff argues that because her claim is based on defendant's allegedly negligent policy of overstuffing clothing racks and understaffing the Ladies' Apparel department, her claim is one of ordinary negligence to which the open and obvious danger doctrine does not apply. The gravamen of plaintiff's claim, however, is that there was a dangerous condition on the property—specifically, there were hangers on the floor of the store for long periods of time. Just because plaintiff alleges that it was defendant's negligence that caused the condition, this does not mean that the action is one for ordinary negligence rather than premises liability.

Plaintiff tries to avoid that reasoning by alleging that in *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001), the Michigan Supreme Court created an exception to the open and obvious danger doctrine where the allegation is that a shopkeeper failed to keep its aisles safe for its customers. This argument is without merit because we are bound to follow this Court's decision in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710; 737 NW2d 179 (2007), wherein this Court held that the open and obvious danger doctrine applied to claims alleging that a shopkeeper failed to keep the aisles of the store safe for its customers. Accordingly, we conclude that plaintiff's action is one for premises liability rather than ordinary negligence.

Still, "[i]n a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton*

*v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). It is undisputed that plaintiff was an invitee to defendant's store. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

In a premises liability context, however, there is "no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably be expected to discover them and protect himself or herself." *Laier v Kitchen*, 266 Mich App 482, 487; 702 NW2d 199 (2005). "Accordingly, the open and obvious doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo*, 464 Mich at 516.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). When considering whether a defect is open and obvious, courts must consider the "objective nature of the condition of the premises at issue." *Lugo*, 464 Mich at 524. In other words, this is an objective, rather than subjective, standard. See *Hoffner*, 492 Mich at 461; see also *Lugo*, 464 Mich at 524.

When viewing the evidence in the light most favorable to plaintiff, the hanger was a partly-transparent white color and was lying on a white or grey tiled floor when plaintiff slipped on it. Plaintiff also testified, however, that the hanger did not match the color of the floor and that when she stood up after falling, she could see the hanger. A witness for plaintiff testified that, although the hanger was difficult to see from a distance, she could see the hanger when she approached the scene of the fall.

This Court's decision in *Kennedy*, 274 Mich App 710, is instructive. In that case, the plaintiff slipped and fell on grapes and their residue while in a supermarket. *Id*. at 713. The plaintiff argued that "the crushed grape residue was green and brown in color and that the slipping hazard was therefore inconspicuous against the backdrop of the beige supermarket floor." *Id*. This Court, however, considered testimony from the plaintiff "that the crushed grapes were readily observable after he slipped and that he and several other people all noticed the existence of the crushed grapes and grape residue once they actually looked at the floor." *Id*. Therefore, because the plaintiff's testimony revealed that "he would have noticed the potentially hazardous condition had he been paying attention," by law, there was no genuine issue of material fact "that the hazard posed by the crushed grapes or grape residue was an open and obvious danger." *Id*. at 714.

This case is legally indistinguishable from *Kennedy*. In both cases, the injured party purportedly did not see the danger before slipping and falling. Still, plaintiff in this case, like the plaintiff in *Kennedy*, could identify the danger in question once looking at the floor. Moreover, other witnesses approached the area of the fall and identified the dangerous condition, just as in *Kennedy*. *Id*. at 713. Consequently, like in *Kennedy*, there is no genuine issue of material fact here that plaintiff "would have noticed the potentially hazardous condition had [she] been paying attention." *Id*. at 714. In this case, because the danger was open and obvious, defendant had no

duty to warn or protect plaintiff from the danger presented by the hanger on the floor. Therefore, the trial court properly granted summary disposition to defendant under MCR 2.116(C)(10).

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle